JOSEPH HESSNER, Respondent, *v.* DELAWARE AND HUDSON RAILWAY COMPANY, Appellant. (Action No. 1.)

EMIL J. JUBREY, Respondent, *v.* DELAWARE AND HUDSON RAILWAY COMPANY, Appellant. (Action No. 2.)

Third Department, January 16, 1975.

464

*Dugan, Lyons, Murphy, Pentak & Brown* (*William J. Pentak* of counsel), for appellant.

*Sullivan, Rehfuss & Cunningham* (*John W. Rehfuss* and *John J. McCall* of counsel), for respondents.

HERLIHY, P. J. These negligence actions result from a railroad crossing collision between a tractor trailer operated by plaintiff Hessner and owned by plaintiff Jubrey and a freight train of the defendant. The accident happened on a clear, bright morning at about 7:15 A.M. on June 23, 1970 at a private railroad crossing leading to Norlite Aggregate near the City of Cohoes. The only visible warning was a crossing sign. The tracks of the defendant at the crossing are level and straight for a long distance in both directions and there was testimony that, at distances of about 10-15 feet and 25 feet distant from the tracks, there was visibility ranging from about 400 feet to 1,400 feet. Photographs were admitted in evidence as showing the general conditions existing at the time of the accident in and about the railroad crossing.

As to the negligence of the defendant, there was a conflict of testimony as to whether a bell, horn, or whistle was sounded by the train as it approached the crossing. Some of the defendant's own witnesses riding on the train could not say with certainty as to whether they heard such a warning and there was other testimony to the same effect. Thus, under the charge of the court, a factual issue was presented and on this record the finding of negligence is sustained.

The issue of contributory negligence presents a more serious and a sharper issue. The court charged that the plaintiff was

required to use reasonable care for his own safety commensurate with the danger confronting him, that he was required to look and listen as he approached the crossing (with which he was familiar) taking into consideration the circumstances surrounding the crossing on the particular occasion.

There is a factual dispute as to whether plaintiff brought his vehicle to a stop as he approached the crossing, but on this record that issue was for the jury.

The plaintiffs' verdicts must rest on the issue of visibility and what the plaintiff did on the particular occasion. His testimony, in substance, was that, at a distance of approximately 20 feet from the railroad tracks, he stopped, looked in both directions a distance of approximately 200 feet and saw nothing. He started his vehicle and, as he approached the tracks at approximately two miles an hour, and when approximately 10 to 15 feet from the said tracks, he again looked north and south and saw nothing for a distance of approximately 400 feet. The vehicle continued forward and, according to Hessner's testimony, the front of the tractor was just about on the tracks when, for the first time, he saw the railroad train approaching some 200 to 300 feet distant. On cross-examination he stated that he did not see the train until about two seconds before the collision. Considering this testimony together with the exhibits in evidence, the question remains as to whether the issue of contributory negligence under the circumstances was factual or legal.

Courts are reluctant to set aside verdicts of the jury on the sole ground of contributory negligence even in railroad cases. In this respect, the law has relaxed the former rule which applied over a long span of time.

In the present actions there was testimony as to obstructions which interfere with one's visibility until close to the tracks. While it might be contended that the exhibits in evidence do not demonstrate such facts, the said exhibits are not focused to show the view as one approaches the railroad crossing. It is not a question as to what might be the opinion of the court but whether or not, on this record, the verdicts in favor of the plaintiffs may be sustained. In view of the negligence of the defendant and a conflict of testimony as to the operation of the vehicle by the plaintiff as he approached the crossing, we are of the opinion that this created the same factual situation as did the negligence of the defendant and that the record as a whole sustains the verdicts in favor of the plaintiffs.

The judgments should be affirmed, with costs.

REYNOLDS, J. (dissenting). While I cannot dispute on the instant record the contention that the defendant's negligence was properly submitted for the jury's resolution (*Scheel* v. *Long Is. R.R. Co.*, 18 N Y 2d 684; *Latourelle* v. *New York Cent. R. R. Co.*, 301 N. Y. 103; *Henavie* v. *New York Cent. & Hudson Riv. R.R. Co.*, 166 N. Y. 280), I find the record clearly establishes that plaintiff was contributorily negligent as a matter of law (*Dolfini* v. *Erie R. R. Co.*, 178 N. Y. 1; *Cassidy* v. *Fonda, Johnstown & Gloversville R. R. Co.*, 200 App. Div. 241; see, also, *Wadsworth* v. *Delaware Lackawanna & Western R.R. Co.*, 296 N. Y. 206; *Barnasky* v. *New York, Ontario & Western Ry. Co.*, 226 N. Y. 435; *Avery* v. *New York, Ontario & Western Ry. Co.*, 205 N. Y. 502). At a railroad crossing, the train has the paramount right of way (*McKelvey* v. *Delaware, Lackwanna & Western R.R. Co.*, 253 App. Div. 109). The driver of a vehicle is required to approach a railroad crossing with caution and to exercise reasonable care commensurate with the obvious risk to avoid any collision (*Delaney* v. *Town of Orangetown*, 44 A D 2d 396; Railroad Law, § 53-a). In the *Delaney* case (*supra*, p. 400) the court said: "If the railroad tracks at the crossing are not fully in view in both directions in the immediate approach to the crossing, due care requires a traveler to stop, look and listen before attempting to cross, and the failure to do so had been held to constitute contributory negligence as a matter of law." In the instant case plaintiff testified that, as he was proceeding in first gear at a rate of two miles an hour toward the crossing, he looked both north and south when he was approximately 25 feet from the crossing and stated that he could see 200 feet in each direction, but saw no train. He further testified that when he was within 10 to 15 feet of the track his visibility had increased to 400 feet in each direction, but he neither saw nor heard a train, and then as he started across the tracks, the collision occurred. This testimony is incredible as a matter of law. There is testimony from a civil engineer that visibility was some 1,400 feet from a location 25 feet from the tracks on a clear day like the one on the morning of the incident. When this is combined with the photographic evidence and other proof introduced, plaintiff's testimony that he could only see 200 feet from 25 feet from the tracks and 400 feet from 10 feet away is incredulous. As the Court of Appeals stated in *Delfini* v. *Erie R.R. Co.* (*supra*, p. 4): "It is not sufficient that plaintiff testifies that he looked but did not see. Such a statement is incredible as a matter of law".

I cannot agree with the statement in the majority opinion that "courts are reluctant to set aside verdicts of the jury on the sole ground of contributory negligence even in railroad cases. In this respect the law has relaxed the former rule which applied over a long span of time." This is not the law of the State of New York. While some jurisdictions, in the case of a living plaintiff, have placed upon the defendant who claims contributory negligence of the plaintiff the burden of proving same, New York has not even done this. (See the recent case of *Winnick* v. *New York State Elec. & Gas Corp.*, 38 A D 2d 623, affd. 32 N Y 2d 624, in which a jury verdict for the plaintiff was reversed on the ground that plaintiff was contributorily negligent as a matter of law.) Thus, to base a decision on such a statement is unsupportable and error.

I also find the verdicts grossly excessive.

Accordingly, I vote to reverse the judgments and dismiss the complaints.

GREENBLOTT, SWEENEY and KANE, JJ., concur with HERLIHY, P. J.; REYNOLDS, J., dissents and votes to reverse in an opinion.

Judgments affirmed, with costs.