■ THOMAS J. SMITH et al., Appellants, v WEST ROCHELLE TRAVEL AGENCY, INC., et al., Defendants, and TRAVEL TURF, INC., Doing Business as R.R.B.'s TRAVEL TURF/COPPERTONE GROUP, et al., Respondents. [656 NYS2d 340] —In an action, *inter alia,* to recover damages for negligence, the plaintiffs appeal (1) from an order of the Supreme Court, Westchester County (Nastasi, J.), entered January 23, 1996, which granted the motion of the defendant Travel Turf, Inc., d/b/a R.R.B.'s Travel Turf/Coppertone Group, for summary judgment dismissing the complaint insofar as asserted against it and denied their cross motion to direct the issuance of a commission to depose a witness, (2) as limited by their brief, from so much of an order of the same court, entered April 18, 1996, as, upon renewal, adhered to the original determination, and (3) from an order of the same court, entered May 10, 1996, which granted the motion of the defendant Wyndham Hotel Co., Ltd., sued herein as Wyndham Ambassador Hotel, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the appeal from the order entered January 23, 1996, is dismissed, as that order was superseded by the order entered April 18, 1996, made upon renewal; and it is further,

Ordered that the order entered April 18, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered May 10, 1996, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiffs commenced an action against all the parties who had any connection with a 1993 spring break vacation trip to the Bahamas in which their 17-year-old son, Thomas Smith, Jr. (hereinafter the decedent), participated. Travel Turf, Inc., d/b/a R.R.B.'s Travel Turf/Coppertone Group (hereinafter Travel Turf), was the tour operator responsible for coordinating the transportation, hotel accommodations, and certain special events. During the vacation, the decedent purchased a ticket for a "booze cruise", a sunset cruise in international waters where alcoholic beverages were sold to anyone, regardless of their age. The decedent voluntarily leapt overboard and was killed when he came in contact with the cruise vessel's propellers. The evidence indicated that the vessel was not owned or operated by the defendant Travel Turf or the defendant Wyndham Hotel Co., Ltd., sued herein as Wyndham

Ambassador Hotel (hereinafter Wyndham), whose motions for summary judgment gave rise to this appeal.

The parents sued Travel Turf, *inter alia,* for the actions of its groundhandler, Stuart Chason, who was hired as an independent contractor to facilitate transportation from the airport to the hotel and coordinate the tour package events, and who purportedly promoted and sold tickets to the "booze cruise". The court held that Travel Turf could not be held liable for the actions of the independent contractor, particularly since the "booze cruise" was not part of the tour package purchased by the decedent.

The parents also sued Wyndham, the hotel at which the decedent was registered, arguing that since the groundhandler promoted the "booze cruise" on the hotel premises during an "orientation party" at which alcoholic beverages were served, the hotel bore some liability for facilitating the sale of tickets to the cruise. The court held that the decedent's intervening act of jumping overboard, three days after the "orientation party" occurred, was a superseding cause of the accident, and, therefore, the hotel's alleged negligence could not have been a proximate cause of the decedent's death.

The plaintiffs failed to offer any evidence to dispute that Travel Turf had hired its groundhandler as an independent contractor for whose negligence, if any, Travel Turf bore no responsibility (*see, Weiner v British Overseas Airways Corp.,* 60 AD2d 427, 433; *see also, Dorkin v American Express Co.,* 74 Misc 2d 673, 675, *affd* 43 AD2d 877). Moreover, they did not dispute that the contract between the decedent and Travel Turf contained express disclaimers of liability for the actions of its contractors, including groundhandlers, which limited Travel Turf's liability (*see, Klinghoffer v S.N.C. Achille Lauro,* 816 F Supp 934, 936; *see also, Weiner v British Overseas Airways Corp., supra,* at 433 [tour arranger had no duty to insure against negligence of independent contractors with whom it arranged to provide services included in the tour, but which were specifically disavowed in the brochure]). Under the circumstances, the court properly granted summary judgment to Travel Turf (*see, Zuckerman v City of New York,* 49 NY2d 557, 560).

Furthermore, the court correctly determined that, as a matter of law, the decedent's action of voluntarily jumping off a moving vessel in open waters was a superseding event which severed whatever causal connection there may have been between the occurrence of the accident and Wyndham's alleged negligence three days earlier in permitting alcohol to be served

on its premises during the orientation party (*see, Olsen v Town of Richfield,* 81 NY2d 1024; *see also, Boltax v Joy Day Camp,* 67 NY2d 617, 618; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). The decedent's action in jumping overboard was "so obviously fraught with danger that, by its very nature, it evince[d] a wanton disregard for the actor's own personal safety or well-being" (*Wright v New York City Tr. Auth.,* 221 AD2d 431, 432; *see, Olsen v Town of Richfield, supra*).

The plaintiffs' remaining contentions are without merit. Bracken, J. P., Pizzuto, Florio and McGinity, JJ., concur.