■ CHERYL L. MILLER et al., Appellants, v TOWN OF FENTON et al., Respondents. [669 NYS2d 391] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Rose, J.), entered November 22, 1996 in Broome County, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff Cheryl L. Miller (hereinafter plaintiff) was injured when her van was struck by a train at the Fuller Road railroad crossing in the Town of Fenton, Broome County. The tracks were owned by defendant Delaware and Hudson Railroad Corporation (hereinafter defendant); the crossing was not controlled by signal lights or gates. Prior to the collision, plaintiff, who was familiar with the crossing, having traversed it on a daily basis for over 17 years, had been driving north on Fuller Road. Although it was not snowing at the time, the road was coated with snow that had fallen the night before and, according to plaintiff, was "slippery". As plaintiff approached the tracks, having slowed to approximately 10 miles per hour, she heard no train bell, horn or whistle. After passing an embankment that blocked her view of the tracks to the left (west)—at which point she was less than 25 or 30 feet from the tracks— plaintiff looked to the right, then to the left, whereupon she saw the oncoming train and applied the brakes more forcefully. As she did so, the van slid into the path of the train.

Plaintiff, and her husband derivatively, commenced this ac-

tion against defendant and defendant Town of Fenton alleging, *inter alia*, that the former was negligent in failing to properly warn drivers of the train's approach by sounding an appropriate audible warning and in not providing active warning signals at the crossing. Supreme Court, finding that plaintiff's conduct was the sole or superseding cause of the accident, granted defendant's motion for summary judgment, prompting this appeal by plaintiffs.*

A negligent defendant may be relieved of liability if the plaintiff's own conduct, or that of a third party, has intervened to "break[ ] the chain of causal connection" between that defendant's breach of duty and the ensuing injury (*Mesick v State of New York*, 118 AD2d 214, 218, *lv denied* 68 NY2d 611). To constitute such an intervening, or superseding, cause, the conduct in question must be so reckless or unforeseeable that it is unreasonable to hold the defendant responsible for the resulting damages (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 314-315; *Ventricelli v Kinney Sys. Rent A Car*, 45 NY2d 950, 952, *mod on other grounds* 46 NY2d 770).

Considering all of the relevant proof—including testimony to the effect that, had the van not slid on the snow, it would have come to a stop before reaching the tracks, and plaintiff's averment that she had not had any difficulty controlling the vehicle prior to that time—we cannot say, as a matter of law, that plaintiff's actions were so culpable that they must be deemed a superseding cause of the accident (*see, Mesick v State of New York, supra*, at 218). While it may well constitute negligence (*see*, Railroad Law § 53-a), the mere failure to approach a railroad crossing with sufficient caution to insure that one has enough time to stop if necessary is not, without more, such a deliberately reckless act, evincing a "wanton disregard for the actor's own personal safety or well-being" (*Wright v New York City Tr. Auth.*, 221 AD2d 431, 432, *lv denied* 88 NY2d 806), as to compel the conclusion that it is the only legal cause of an ensuing collision.

Moreover, if the train was completely or partially obscured from plaintiff's view as she approached the tracks—a finding for which there is ample support in the record (*see, Hessner v Delaware & Hudson Ry. Co.*, 46 AD2d 463, 465, *affd* 38 NY2d 906; *cf., Horton v New York Cent. R. R. Co.*, 237 NY 38, 43)—it would not be unreasonable to conclude that a train-vehicle col-

---

* The Town also sought, and obtained, summary judgment, but plaintiffs have since entered into an agreement settling and discontinuing their claims against it; consequently, we are not called upon to evaluate that aspect of Supreme Court's order.

lision was a foreseeable and natural result of defendant's allegedly negligent failure to provide audible or visible signals designed to alert drivers to the presence of a train. Indeed, it can hardly be disputed that one of the "prime hazards" that create the need for such warnings is the possibility that, absent them, a driver might proceed onto the tracks without exercising due care to ascertain that they are clear. The fact that Miller may have been negligent, or even reckless, does not insulate defendant from liability, for her intervening conduct "may not serve as a superseding cause, and relieve [defendant] of responsibility, where the risk of the intervening act occurring is the very same risk which renders [defendant] negligent" (*Derdiarian v Felix Contr. Co., supra,* at 316; *see, Dupell v Levesque,* 198 AD2d 712, 713; *Quiquin v Fitzgerald,* 146 AD2d 894, 897). Accordingly, defendant was not entitled to summary judgment on this ground.

Defendant also contends—and Supreme Court found—that in view of plaintiff's admitted familiarity with the crossing, the lack of an active warning device (a flashing signal or gate) could not have been a proximate cause of the accident. In our view, questions of fact preclude summary judgment on this issue. Although an individual's knowledge of the terrain can preclude recovery for the negligent failure to post a warning sign (*see, Boucher v Town of Candor,* 234 AD2d 669, 671; *Vasquez v Consolidated Rail Corp.,* 180 AD2d 247, 250, *lvs denied* 80 NY2d 762), "the absence of a warning sign cannot be excluded as a cause unless the plaintiff's awareness of the condition would have led to the same course of conduct as if the sign had been present" (*Vasquez v Consolidated Rail Corp., supra,* at 250; *see, Koester v State of New York,* 90 AD2d 357, 362). In this instance, it cannot be said, as a matter of law, that plaintiff's actions would have been the same if there was a flashing light or automatic gate, triggered by an oncoming train, in operation when she approached the crossing (*see, Wood v State of New York,* 112 AD2d 612, 615).

Cardona, P. J., Mercure and Peters, JJ., concur.

Carpinello, J. (dissenting). Even resolving all of the inconsistencies in the record in favor of plaintiffs and viewing the evidence in a light most favorable to them, I agree with Supreme Court's finding that a superseding cause broke the chain of causation between the alleged omissions of defendant Delaware and Hudson Railroad Corporation (hereinafter defendant) and the accident—the negligence of plaintiff Cheryl L. Miller (hereinafter plaintiff) in failing to approach the uncontrolled railroad crossing with which she was fully familiar with suf-

ficient caution to avoid being in the train's path. Accordingly, I respectfully dissent.

There is no dispute that passive warning signs were properly placed on Fuller Road a sufficient distance prior to the crossing (*see*, Railroad Law § 53-a). In any event, as conceded by the majority, plaintiff was familiar with this uncontrolled crossing and its surrounding area having crossed it thousands of times over the preceding 17-year period. As a motorist approaching an uncontrolled railroad crossing, plaintiff was obligated to "reduce [her] speed to a safe limit upon passing [the railroad approach warning] sign and to proceed cautiously and carefully with the vehicle under complete control" (Railroad Law § 53-a). In so doing, she was required to "employ [her] senses of hearing *and* sight to avoid danger" (*Schrader v New York, Chicago & St. Louis R. R. Co.*, 254 NY 148, 150 [emphasis supplied]). If a railroad crossing is dangerous, because obstructed or otherwise, the care utilized by a motorist in traversing over it should be " 'commensurate with th[is] obvious risk' " (*Delaney v Town of Orangetown*, 44 AD2d 396, 400, *affd* 36 NY2d 770, quoting *Crough v New York Cent. R. R. Co.*, 260 NY 227, 232). Moreover, "[i]f the railroad tracks at the crossing are not fully in view *in both directions in the immediate approach to the crossing, due care requires a traveler to stop, look and listen before attempting to cross*" (*Delaney v Town of Orangetown, supra*, at 400 [emphasis supplied]). While the absence of an audible warning " 'may tend to throw one off his [or her] guard * * * it does not justify the non-observance of ordinary care' " (*Wadsworth v Delaware, Lackawanna & W. R. R. Co.*, 296 NY 206, 212, quoting *Avery v New York, Ontario & W. Ry. Co.*, 205 NY 502, 506).

Here, plaintiff was admittedly familiar with the location and character of the railroad crossing having driven through it thousands of times over a 17-year period (*see*, *Vasquez v Consolidated Rail Corp.*, 180 AD2d 247, 250, *lvs denied* 80 NY2d 762). Being aware that the crossing was uncontrolled, she knew of the possibility that a train might be approaching from the west and that her ability to see in that direction was obstructed by a bank. Moreover, evidence in the record, including photographs of Fuller Road and the railroad crossing, make clear that plaintiff had ample opportunity to observe the oncoming train 1,000 feet down the tracks after passing the bank. Although nothing prevented her from doing so, and despite having complete control over her vehicle prior to entering the intersection, plaintiff never slowed sufficiently to be certain that it was safe to proceed. By her own account, the instant

she finally noticed the train her vehicle was already on or very close to the track, at which point she applied her brakes with some force. The risk of being hit and injured by an oncoming train is manifest. In short, my disagreement with the majority stems from my conclusion that plaintiff was obligated to insure that she could proceed over the crossing with complete safety before entering the intersection. Whether the train actually sounded its bell (a point disputed by plaintiff) is irrelevant.

The Court of Appeals has concluded, as a matter of law, that reckless conduct on the part of a plaintiff may constitute an unforeseeable superseding event sufficient to break the causal chain of a defendant's alleged negligence (*see, e.g.*, *Olsen v Town of Richfield*, 81 NY2d 1024; *Howard v Poseidon Pools*, 72 NY2d 972; *Boltax v Joy Day Camp*, 67 NY2d 617; *see also*, *Butler v Marshall*, 243 AD2d 971; *Johnson v Harrington*, 215 AD2d 857, *lv denied* 87 NY2d 802). Acts of a plaintiff which serve to absolve a defendant of liability for what otherwise would be actionable negligence must constitute a wanton disregard for the plaintiff's own well-being (*see, id.*). On the strength of the principle espoused in these cases (*see also*, *Smith v West Rochelle Travel Agency*, 238 AD2d 398; *de Pena v New York City Tr. Auth.*, 236 AD2d 209, *lv denied* 90 NY2d 808; *Wright v New York City Tr. Auth.*, 221 AD2d 431, *lv denied* 88 NY2d 806), I conclude that, given her complete familiarity with the nature of the crossing and her failure to observe ordinary precautions in an obviously dangerous situation, plaintiff's conduct must be viewed as sufficiently reckless to interrupt the causal connection between the negligence ascribed to defendant and her injuries. An uncontrolled railroad crossing, especially to one familiar with it, poses a patently obvious danger and the decision to cross without knowing for certain that it is safe to do so "is an action so obviously fraught with danger that, by its very nature, it evinces a wanton disregard for the actor's own personal safety or well-being" (*Wright v New York City Tr. Auth.*, *supra*, at 432).

Nor do I agree with the majority's contention that an issue of fact remains with respect to the lack of an active warning device at the intersection. In this regard, I am unable to reconcile the majority's holding in this case with this Court's prior holding in *Vasquez v Consolidated Rail Corp.* (180 AD2d 247, *supra*). There it was held that a driver's familiarity with an intersection superseded any negligence in failing to erect warning signs or devices. In affirming Supreme Court's ruling, we noted that the presence or absence of such devices "could not, as a matter of law, be the proximate cause of the accident due

to plaintiff's familiarity with the railroad crossing" (*id.*, at 250). Here, plaintiff's conduct in approaching the intersection should have been the same whether she knew that a train was coming or whether she was simply aware of the *possibility* that a train was coming. I am unable to see how acting with less regard for one's own personal safety under the latter situation as opposed to the former can be regarded as anything but wanton. Accordingly, I would affirm Supreme Court's order.

Ordered that the order is reversed, on the law, with costs, and matter remitted to the Supreme Court for further consideration of the remaining grounds for defendants' motion.