■ SHARYL HOLMES et al., Respondents, v CITY OF ELMIRA, Appellant, and KIM-HEATHER, INC., Doing Business as PETER KOCH DODGE, JEEP, EAGLE, et al., Respondents. [674 NYS2d 500] —Peters, J. Appeal from an order of the Supreme Court (Ellison, J.), entered June 6, 1997 in Chemung County, which denied defendant City of Elmira's motion for summary judgment dismissing the complaint against it.

Plaintiff Sharyl Holmes was driving her vehicle north on Wesley Place in the City of Elmira, Chemung County, when she collided with a vehicle driven by defendant John T. Hampton, as such vehicle was proceeding west on Kendall Place. The collision occurred at the intersection of Wesley Place and Kendall Place (hereinafter the Wesley-Kendall intersection), which is a four-way intersection with no traffic control devices or stop signs establishing a right-of-way. Moreover, due to a recent snow storm, it was alleged that there were limited sight distances as the result of snow piled along the sides of these streets by employees of defendant City of Elmira.

Plaintiffs commenced this action seeking damages for their

personal injuries. As relevant here, they allege that the City was negligent in its failure, *inter alia*, to conduct the proper studies to determine whether a traffic control device or other signage was necessary at the Wesley-Kendall intersection.* After discovery, the City moved for summary judgment and, without articulating findings of fact, Supreme Court denied the motion. The City appeals.

We affirm. Upon our review, we agree that the City failed to sustain its showing that it was entitled to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851). While it is well established that decisions regarding highway control devices are discretionary in nature and that a municipality will be immune from liability for errors resulting from such decisions (*see, Friedman v State of New York*, 67 NY2d 271, 283), such immunity is of a qualified nature (*see, Martin v Reedy*, 194 AD2d 255, 258), dependent upon an ability to show that the decision was the result of a deliberate decision-making process (*see, Appelbaum v County of Sullivan*, 222 AD2d 987, 989). Here, the City failed to proffer any evidence establishing that its failure to erect a highway control device was the result of such a deliberate decision-making process which was implemented at the time of the establishment of the Wesley-Kendall intersection. The proffer of, *inter alia*, the affidavit and deposition testimony of the City Engineer, describing the protocol to be followed for the placement of traffic control devices triggered by citizen complaints or a history of accidents at a particular intersection, is insufficient since it fails to address how the initial decision was made.

Having failed to show its entitlement to qualified immunity at this juncture (*see, Appelbaum v County of Sullivan, supra*, at 989), we next address the City's contention that it was the driver's negligence, and not the failure to place signage at this intersection, that was the sole proximate cause of the accident. While the negligence of a defendant may be excused if the conduct of another party has intervened to " 'break[ ] the chain of causal connection' between that defendant's breach of duty and the ensuing injury" (*Miller v Town of Fenton*, 247 AD2d 740, 741, quoting *Mesick v State of New York*, 118 AD2d 214, 218, *lv denied* 68 NY2d 611), "the conduct in question must be so reckless or unforeseeable that it * * * [would be] unreasonable to hold the defendant responsible for the resulting damages" (*Miller v Town of Fenton, supra*, at 741). With the deter-

---

* The complaint specifically alleged a failure to erect proper traffic control devices at the intersection, a failure to remove snow buildup and a failure to protect users of the roadway with adequate warning of the intersection.

mination of proximate cause ordinarily a question of fact for the jury (see, Ramundo v Town of Guilderland, 142 AD2d 50), we find that the City failed to establish its entitlement to judgment as a matter of law (see, Alexander v Eldred, 63 NY2d 460). Sharyl Holmes' deposition testimony revealed that she was unfamiliar with this intersection, that the snow banks lining the street obscured her view and that while she observed a break in the snow banks prior to the accident, she was uncertain as to whether it was a driveway or another roadway. For these reasons alone, Supreme Court correctly determined that issues of fact precluded summary judgment.

Cardona, P. J., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.