■ Mary Grover, as Administrator of the Estate of Billie J. Bean, Deceased, Respondent, v Town of Montour, Appellant, et al., Defendant. [675 NYS2d 686] —Cardona, P. J. Appeal from an order of the Supreme Court (Ellison, J.), entered July 24, 1997 in Schuyler County, which, *inter alia*, denied a cross motion by defendant Town of Montour for summary judgment dismissing the complaint against it.

Unfortunately, plaintiff's 14-year-old son (hereinafter decedent) was fatally injured on June 29, 1994 while riding a bicycle on South Genesee Street in the Town of Montour, Schuyler County, when he struck a concrete wall under a railroad overpass. Plaintiff and decedent had taken a bicycle ride and, just prior to the accident, walked their bicycles up a hill. Decedent's bicycle did not have brakes and he was not

wearing a helmet. As they approached the top of the hill, plaintiff continued to walk her bicycle and instructed decedent to do the same. Decedent, however, proceeded to ride his bicycle down the hill and passed plaintiff traveling at a speed of between 25 and 30 miles per hour. Plaintiff lost sight of decedent as he rode under the railroad overpass. When she walked a little further, she saw that decedent had collided with a concrete wall and was lying in the road with the bicycle on top of him. He died the following day.

Thereafter, plaintiff commenced this action on behalf of decedent's estate against defendants Consolidated Rail Corporation and the Town of Montour. Following joinder of issue, Consolidated Rail moved for summary judgment dismissing the complaint and plaintiff cross-moved, *inter alia*, to compel the Town to comply with her notice to take deposition. In addition, the Town cross-moved for summary judgment dismissing the complaint against it on the grounds, *inter alia*, that the Town's alleged negligence was not the proximate cause of the accident and decedent had assumed the risk of the accident. Supreme Court, *inter alia*, denied the Town's cross motion resulting in this appeal.

In the bill of particulars, plaintiff alleges that the Town was negligent in, *inter alia*, failing to remove and replace the hazardous railroad overpass and allowing the roadway under the overpass to remain dangerously narrow and curvy. Even assuming the truth of these allegations, we conclude on this record that the Town's negligence was not the proximate cause of the accident as a matter of law. In order to establish a prima facie case of negligence, the plaintiff must show that the defendant's negligence was a substantial cause of the events which produced the injury (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315). While the issue of proximate cause is generally a question for the jury to decide, "it is the function of the court to determine if a prima facie case of causation has been established in the first instance" (*Pahler v Daggett*, 170 AD2d 750, 752). Significantly, where the conduct of the plaintiff evinces a reckless disregard for his or her own safety, it constitutes an unforeseeable superseding event absolving the defendant of liability for negligence (*see, Olsen v Town of Richfield*, 81 NY2d 1024, 1026; *Miller v Town of Fenton*, 247 AD2d 740, 742; *Lionarons v General Elec. Co.*, 215 AD2d 851, 853, *affd* 86 NY2d 832).

Plaintiff testified that she and decedent were both aware that the brakes on the bicycle decedent was riding did not work. She further indicated that decedent had operated the

bicycle in that condition a number of times and stopped it by putting his foot on the tire. She stated that decedent refused to wear a helmet. In addition, plaintiff testified that decedent was familiar with the railroad overpass prior to the accident having operated his bicycle in that area before. She explained that the area was posted with signs warning of the overpass and the winding nature of the road. She indicated that on the day of the accident, she instructed decedent to walk his bicycle down the hill approaching the overpass, but that decedent failed to follow her instructions. In our view, decedent's conduct reflects a reckless disregard for his own safety and, therefore, constitutes an unforeseeable superseding event relieving the Town of liability for the accident (*see, Wright v New York City Tr. Auth.*, 221 AD2d 431, 432, *lv denied* 88 NY2d 806; *cf., Miller v Town of Fenton, supra*). Accordingly, the Town's cross motion for summary judgment should have been granted. In view of our disposition, we need not address the Town's remaining contentions.

Mikoll, White, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Town of Montour, by reversing so much thereof as denied the cross motion of defendant Town of Montour; cross motion granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.