■ CHRISTINA DECKER, Respondent, v FORENTA LP, Appellant. [736 NYS2d 554] —Crew III, J. Appeal from an order of the Supreme Court (Dowd, J.), entered June 28, 2001 in Otsego County, which partially denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff was employed by third-party defendant, Oneonta Family Laundry and Dry Cleaning, Inc., and, as part of her duties, operated a shirt press. In the normal operation of the press, plaintiff would put a shirt on a torso form, clamp it down and pull the activating lever to the left, at which point the torso form would travel into the cabinet of the machine where the pressing heads would close onto and steam press the shirt. Plaintiff then would push the operating lever to the right, the pressing heads would open and the torso form would return to the starting position.

On July 29, 1996, plaintiff was operating the press when, at the conclusion of the press cycle, the pressing heads opened but the torso form did not return to the starting position. Consequently, plaintiff reached into the cabinet and attempted

to pull the torso form out, at which time the pressing heads closed onto her left hand causing grievous injury.

Plaintiff commenced this action against defendant, the manufacturer of the shirt press, alleging causes of action in breach of warranty, negligent design and manufacture and strict products liability, including defective design and failure to warn. Defendant, in turn, commenced a third-party action against plaintiff's employer. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion to the extent of dismissing plaintiff's cause of action for breach of warranty as untimely and denied the balance of the motion finding triable issues of fact. Defendant appeals, and we affirm.

Initially, we reject defendant's contention that Supreme Court erred in denying summary judgment on the ground that there were material issues of fact concerning the question of proximate cause. It is axiomatic that proximate cause ordinarily is a question to be determined by the finder of fact (*see, e.g., Meseck v General Elec. Co.*, 195 AD2d 798, 800). However, it is true, as contended by defendant, that proximate cause may be determined as a matter of law where "the evidence conclusively establishes that there was an intervening act which was so extraordinary or far removed from the defendant's conduct as to be unforeseeable" (*id.* at 800). Reckless conduct on the part of a plaintiff may well constitute such an intervening cause (*see, Kriz v Schum*, 75 NY2d 25, 35). Here, there is record evidence that, if credited by a jury, reveals that the defect and negligent design of the press caused plaintiff's injury and that defendant should have anticipated user error in the operation of the press. Accordingly, Supreme Court properly declined to award summary judgment on the issue of proximate cause.

Supreme Court likewise properly determined that there was a question of fact as to whether defendant had a duty to warn against the alleged latent danger of the press or whether such danger was open and obvious, thereby relieving defendant of such duty. Finally, Supreme Court quite properly found the existence of a material question of fact as to defendant's negligence in failing to comply with the relevant standards of the American National Standards Institute inasmuch as they may constitute evidence of negligence where it is demonstrated that they represent the general custom and usage of the industry in question (*see, Sawyer v Dreis & Krump Mfg. Co.*, 67 NY2d 328, 337).

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.