■ DONALD M. FEELEY SR. et al., Appellants, v CITIZENS TELECOMMUNICATIONS COMPANY OF NEW YORK, INC., et al., Respondents. (And a Third-Party Action.) [748 NYS2d 824] —Spain, J. Appeal from an order of the Supreme Court (McNamara, J.), entered August 30, 2001 in Albany County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Donald M. Feeley Sr. (hereinafter plaintiff) and his wife, derivatively, commenced this personal injury action against defendants for injuries plaintiff sustained on March 3, 1997, after being catapulted from the top of a tractor-trailer while attempting to pry loose three cable wires. The wires became entangled with the top of the trailer as plaintiff was driving up Michael Launhardt's driveway in Elizaville, Columbia County. The complaint alleged that defendants were negligent in allowing their cable wires to hang too low to the ground, which caused them to snag the corner of the tractor-trailer as it passed. Supreme Court granted defendants' motion for summary judgment and dismissed the complaint, finding that plaintiff's own reckless and wanton conduct was the sole proximate cause of his injuries.* Plaintiffs now appeal, and we reverse.

"It is axiomatic that proximate cause ordinarily is a question to be determined by the finder of fact" (*Decker v Forenta LP*, 290 AD2d 925, 926 [citation omitted]) and only where there is no dispute concerning the factual circumstances leading to the

---

* In light of its holding, Supreme Court also dismissed, as moot, the third-party complaint and a cross claim by third-party defendant Mid Hudson Cablevision, Inc. against third-party defendant Niagara Mohawk Power Corporation.

plaintiff's injuries and "only one conclusion may be drawn from those facts, [may] Supreme Court * * * properly decide the question of proximate cause as a matter of law" (*Lionarons v General Elec. Co.*, 215 AD2d 851, 852, *affd on mem below* 86 NY2d 832; *see Egan v A.J. Constr. Corp.*, 94 NY2d 839, 841-842; *Howard v Poseidon Pools*, 72 NY2d 972, 974; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315). A plaintiff's intervening conduct, or that of a third party, can break the chain of causal connection between a defendant's breach of duty and the ensuing injury to the plaintiff, such as to relieve that defendant from liability for negligence (*see Miller v Town of Fenton*, 247 AD2d 740, 741). To constitute such an intervening or superseding cause, the conduct in question must be "so extraordinary or far removed from the defendant's conduct so as to be unforeseeable" (*Decker v Forenta LP, supra* at 926) such that "it is unreasonable to hold the defendant responsible for the resulting damages" (*Miller v Town of Fenton, supra* at 741; *see Derdiarian v Felix Contr. Corp., supra* at 314-315).

The pertinent facts are not disputed. Plaintiff, a driver for an express delivery service, arrived at Launhardt's residence to deliver a package and noticed three overhanging wires extending across the driveway. Concerned about whether the tractor-trailer had enough clearance to pass beneath the low hanging wires, he drove slowly up the driveway, the wires skimming the top of the tractor-trailer. On his return trip down the driveway, the top front corner of the trailer became entangled with the wires, jarring the tractor-trailer and causing plaintiff to stop the truck. Plaintiff described the entangled wires as being under a high degree of tension. Plaintiff then tried to back up the tractor-trailer so as to loosen the tension on the wires but, because of the driveway's loose gravel surface and its incline, he was unsuccessful. He then called his office from the Launhardt residence and his employer left the problem entirely in plaintiff's hands, telling plaintiff to "get going" and "do the best you can and get out of that situation."

Launhardt's daughter then called Launhardt who was working nearby; he agreed to come and assist plaintiff. While waiting for Launhardt, plaintiff made another, unsuccessful attempt to back up the truck. After Launhardt arrived approximately a half hour later and assured plaintiff that the wires were not "hot," plaintiff climbed a stepladder and attempted to reach up and pry the wires loose, but he could not move the wires. Launhardt then tried to free the tractor-trailer by towing it up the driveway hill with his farm tractor while plaintiff once again tried to back the tractor-trailer up, but to

no avail. Plaintiff considered calling a tow truck, but rejected the idea because he felt that there was not enough room on either side of the tractor-trailer for a tow truck to get around behind it. Finally, plaintiff climbed on top of the tractor-trailer, laid down on his stomach and, using two pieces of wood as a lever, pried the wires loose. When the wires came free, plaintiff was instantly catapulted off the top of the truck, landing roughly 20 feet away and suffering serious injuries.

We cannot agree with Supreme Court that "as a matter of law, * * * plaintiff's actions were so culpable that they must be deemed a superceding cause of the accident" (*Miller v Town of Fenton*, 247 AD2d 740, 741, *supra*). Plaintiff was clearly faced with a predicament; he had other deliveries to make that day, had been told by his employer to deal with the situation himself and less risky alternatives had proved fruitless. Although a factfinder might conclude that the ultimate course of action he chose was so reckless as to make it unreasonable to hold defendants' liable for plaintiff's injuries, we cannot so find as a matter of law on this record (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315-317, *supra*; *Decker v Forenta LP*, 290 AD2d 925, 926, *supra*; *Tryon v Square D. Co.*, 275 AD2d 567, 569; *Miller v Town of Fenton*, *supra* at 741; *Meseck v General Elec. Co.*, 195 AD2d 798, 800).

*Egan v A.J. Constr. Corp.* (94 NY2d 839, *supra*), relied on by Supreme Court, is distinguishable. In that case, the Court of Appeals held that the plaintiff's act in jumping out of a stalled elevator to the lobby floor six feet below superseded the defendants' conduct and terminated their liability for his injuries (*id.* at 841). Significantly, the Court noted that the plaintiff was not threatened by injury while in the stalled elevator, the elevator operator had phoned for assistance and "[a]lthough plaintiff was inconvenienced, he had only been on the elevator for 10 to 15 minutes when he decided to put his safety at risk by jumping, and there was no indication that the subsequent delay would be inordinately long" (*id.* at 841).

In contrast, plaintiff here, having been told by his employer to deal with the problem himself, spent a substantial period of time trying other methods to solve the problem and only when all other attempts failed did he climb atop the tractor-trailer. Thus, unlike the plaintiff in *Egan*, his action was not the result of mere impatience. Further, although plaintiff unquestionably understood that the wires were under tension, we cannot say, as a matter of law, that the danger created by the tension, i.e., the magnitude of the reciprocal force upon the release of that tension, was so obvious that plaintiff's action "evinc[ed] a reck-

less disregard for his * * * own safety, * * * constitut[ing] an unforeseeable superseding event absolving the defendant[s] of liability for negligence" (*Grover v Town of Montour*, 252 AD2d 859, 860; *see Miller v Town of Fenton, supra* at 741; *see also Decker v Forenta LP, supra* at 926; *cf. Egan v A.J. Constr. Corp., supra* at 841).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.

