287 F.Supp.2d 936 (2003)
In re BRIDGESTONE/FIRESTONE, INC., TIRES PRODUCTS LIABILITY LITIGATION.
Patricia Oines, Plaintiff,
v.
Bridgestone/Firestone, Inc., et al., Defendants.
No. MDL-1373,
Nos. IP-00-9374-C-B/S, IP-01-5391-C-B/S.
United States District Court, S.D. Indiana, Indianapolis Division.
August 27, 2003.
*937 Philipp L. Rimmler, Paul William Beltz Pc, Buffalo, NY, C. Tab Turner, Turner & Associates, N. Little Rock, AK, for Plaintiff.
John H. Beisner, O'Melveny & Myers LLP, Washington, DC, Alan D. Kaplan, Herrick Feinstein, New York City, Randall Riggs, Locke Reynolds LLP, Indianapolis, IN, for Defendants.

ORDER ON MOTION FOR SUMMARY JUDGMENT
BARKER, District Judge.
This matter is before the Court on defendant Bridgestone/Firestone North American Tire, LLC's ("Firestone") motion for summary judgment. For the reasons set forth below, the motion for summary judgment is GRANTED.

Discussion
Many of the background facts of this case were previously set out by the Court in its ruling on Firestone's motion to dismiss and will not be repeated here. With its motion for summary judgment, Firestone contends that it is entitled to judgment as a matter of law for two reasons: that Ms. Oines's claims are barred by the applicable statutes of limitation, and that she lacks the requisite evidence of defect and causation. We need address only the second ground for summary judgment.
In order to prevail on her claims under New York law,[1] Ms. Oines must prove that the product at issue was defective or did not perform as intended and that such defect or lack of performance was the proximate cause of the injury. See, e.g., Speller ex rel. Miller v. Sears, Roebuck and Co., 790 N.E.2d 252, 100 N.Y.2d 38, 41-42 (2003); Decker v. Forenta LP, 290 A.D.2d 925, 736 N.Y.S.2d 554, 555 (N.Y.App.Div.2002). It is undisputed that the tires at issue in this case have been lost or destroyed and have never been available for physical inspection. In her brief in opposition to Firestone's motion, Ms. Oines has asserted that she retained one or more photographs and a videotape of the vehicle taken after the accident, but she has not submitted them in opposition to Firestone's motion, nor does the affidavit of her liability expert, Kenneth Pearl, suggest that his opinion is based on any examination of them.
The only evidence of defect and causation in this specific case that Ms. Oines has offered in opposition to Firestone's motion for summary judgment is the above-mentioned Affidavit of Kenneth Pearl, which, she maintains, creates a genuine issue of material fact regarding whether a defective tire caused her daughter's accident. That affidavit says that: (1) the type of Firestone tire involved in this accident was defective; and (2) if the tires at issue were properly maintained, if their inflation pressures and loading instructions were routinely and habitually followed, and if the tires were not damaged or harmed in any fashion that required any sort of repair, then tread belt separation would have resulted from the *938 alleged defect and not from some other reason.
The omissions in Mr. Pearl's affidavit are telling: It does not say that a tread separation or any tire failure occurred in this case (and the plaintiff has presented no other evidence on this threshold issue). It does not say that the accident at issue was caused by a tread separation. It does not say that the tread separation, if it occurred, was caused by the defect he has attributed to this class of Firestone tires. It does not say that the photographs and other materials he was provided demonstrate any of the foregoing facts. Moreover, there is no evidence in the record that the subject tire suffered any tread separation at all. In order to be admissible, an expert opinion must rest upon some factual basis. Fed.R.Evid. 703; see also Vollmert v. Wisconsin Dept. of Transp., 197 F.3d 293, 298 (7th Cir.1999). However, Mr. Pearl's conclusions regarding causation, based purely on multi-layered hypothetical scenarios and not on any record evidence or facts in this case, do not appear to meet this standard for admissibility.
Therefore, because the plaintiff has provided no evidence from which a reasonable jury could conclude that any of the tires involved in the accident were defective, or that the defect caused the accident at issue, her claims against Firestone must fail as a matter of law. Summary judgment is therefore GRANTED in favor of Firestone.
NOTES
[1] The parties agree that the substantive law of New York governs this case.