**Brian BACON, Plaintiff–Appellant,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

**Docket No. 03–0266.**

United States Court of Appeals,
Second Circuit.

July 2, 2004.

Brian Bacon, Lewisburg, PA, for Appellant, pro se.

William F. Larkin, Assistant United States Attorney for the Northern District

of New York (Glenn T. Suddaby, United States Attorney, of counsel), Syracuse, NY, for Appellee.

PRESENT: SACK, SOTOMAYOR, and WESLEY, Circuit Judges.

## SUMMARY ORDER

The plaintiff-appellant, Brian Bacon, appeals from the district court's grant of summary judgment to the defendant-appellee, the United States of America. Bacon brought suit against the United States, seeking monetary damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, ("FTCA"), for injuries allegedly caused by the negligence of a federal corrections officer who was supervising Bacon while he was incarcerated at the Ray Brook Federal Correctional Institution. Bacon alleges that, on or about December 19, 2000, while Bacon's hands were handcuffed behind his back, the corrections officer escorting Bacon released his hold on Bacon, and that he subsequently ascended a flight of stairs. While climbing the stairs alone, Bacon tripped and fell, injuring himself in part because his restraints prevented him from breaking his fall. The district court granted the United States's motion for summary judgment, finding that the officer's actions were not the proximate cause of Bacon's injuries because it was not foreseeable that Bacon would trip and because Bacon's own actions were an intervening cause of his injuries.

The FTCA awards damages to a plaintiff "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the [state] where the act or omission occurred." 28 U.S.C. § 1346(b)(1). A defendant is liable for negligence under New York tort law if (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) that breach caused the plaintiff's injuries. *Akins v. Glen Falls City Sch. Dist.*, 53 N.Y.2d 325, 333, 424 N.E.2d 531, 535, 441 N.Y.S.2d 644, 648 (1981).

A defendant's conduct is the proximate cause of the "normal or foreseeable consequence[s]" of that conduct. *Mirand v. City of New York*, 84 N.Y.2d 44, 50, 637 N.E.2d 263, 266, 614 N.Y.S.2d 372, 375 (1994). However, a defendant's conduct is not the proximate cause of a plaintiff's injury if there is an "intervening act [that] is extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct." *Derdiarian v. Felix Contracting Corp.*, 51 N.Y.2d 308, 315, 414 N.E.2d 666, 670, 434 N.Y.S.2d 166, 169 (1980). For example, a plaintiff's "reckless and unforeseeable" actions may sever the causal connection between the defendant's conduct and the complained-of injuries. *Tryon v. Square D Co.*, 275 A.D.2d 567, 569, 712 N.Y.S.2d 676, 678 (3d Dep't 2000) (holding that plaintiff's conduct was not sufficiently reckless to constitute an intervening cause); *accord Egan v. A.J. Const. Corp.*, 94 N.Y.2d 839, 841, 724 N.E.2d 366, 368, 702 N.Y.S.2d 574, 576 (1999) (holding that a plaintiff's jump from a stalled elevator "superseded defendants' conduct and terminated defendants' liability for his injuries"). Typically, a jury decides such issues of causation. *Benitez v. New York City Bd. of Educ.*, 73 N.Y.2d 650, 659, 541 N.E.2d 29, 34, 543 N.Y.S.2d 29, 34 (1989). In particular, "[b]ecause questions concerning what is foreseeable and what is normal may be the subject of varying inferences, . . . [whether the plaintiff's ac-

tions supersede the defendant's negligence] generally [is] for the fact finder to resolve." *Derdiarian,* 51 N.Y.2d at 315, 414 N.E.2d at 670, 434 N.Y.S.2d at 169.

The district court concluded that a reasonable jury could not find it foreseeable that Bacon would trip on the stairs nor could it find that Bacon's actions left the causal chain unbroken. We conclude to the contrary that, "drawing all factual inferences in favor of [Bacon]," *Davis v. Rodriguez,* 364 F.3d 424, 430 (2d Cir.2004), a reasonable jury could find it foreseeable that Bacon might trip, given that handcuffing Bacon's hands behind his back might impair his balance and given that prison regulations prohibit an escorting officer from releasing hold of a handcuffed prisoner.

A reasonable jury also could find that Bacon's decision to climb the stairs unescorted was not "extraordinary under the circumstances," *Derdiarian,* 51 N.Y.2d at 315, 414 N.E.2d at 670, 434 N.Y.S.2d at 169, and was not "reckless" or "unforeseeable," *Tryon,* 275 A.D.2d at 569, 712 N.Y.S.2d at 678. "Although a factfinder might conclude that the ultimate course of action he chose was so reckless as to make it unreasonable to hold [the] defendant[ ] liable for [Bacon's] injuries, we cannot so find as a matter of law on this record." *Feeley v. Citizens Telecomms. Co. of New York, Inc.,* 298 A.D.2d 745, 747, 748 N.Y.S.2d 824, 826 (3d Dep't 2002).

For the foregoing reasons, the judgment of the District Court is hereby RE-VERSED and the case is REMANDED for further proceedings.