ANNA A. FOLEY, as Administratrix of HAROLD FOLEY, Deceased, Respondent, *v*. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

Negligence — accident at railroad crossing — duty of railroad company — evidence as to contributory negligence, when insufficient to bar recovery — evidence as to ringing of bell on the engine must be positive and affirmative.

A wagon was being driven to a coal shed by a private passageway in use for that and other purposes and which crossed a switch track of defendant. Plaintiff's intestate, a boy of eight or nine years of age, was riding with the driver; in crossing the track the wagon was struck by an engine and the boy was killed. *Held*, that the defendant owed a duty to those traveling over the private right of way; and also, upon the facts, that there was not such negligence on the part of the parent if the infant was *non sui juris*, or upon the part of the infant himself if *sui juris*, as to bar a recovery as matter of law.

In an action to charge a railroad company with negligence in that the bell on the engine did not ring as it approached a crossing, there must be, as against positive, affirmative evidence by credible witnesses to the ringing of a bell, something more than the testimony of one or more that they did not hear it, to authorize the submission of the question to the jury. It must appear that their attention was directed to the fact, whether it was ringing or not, and that the circumstances were such that they probably must have heard it if ringing, so that the evidence will tend to some extent to prove the negative. (*Culhane* v. *N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 133, followed.)

*Foley* v. *N. Y. C. & H. R. R. R. Co.*, 132 App. Div. 506, reversed.

(Argued January 24, 1910; decided February 8, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 3, 1909, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The action was brought to recover damages for the death of plaintiff's intestate, a boy between the age of eight and nine at the time of his death, claimed to have been caused by the negligence of the defendant.

Defendant's main four tracks run through the village of

Oriskany substantially on an easterly and westerly line. In said village a switch track diverges from one of the main tracks and runs in a southeasterly direction several hundred feet to a foundry. Between the point of divergence and the foundry and between the switch track and the main tracks at and for some time before the date of the accident, there was situated a coal shed which was supplied with coal by the defendant, and from which one Sweet drew and distributed coal to his customers in the coal business. The only way to reach this coal shed from the nearest public highway was by a private passageway which ran for some distance southeasterly on a line practically parallel with the switch track and when about opposite the coal shed turned easterly over said latter track to said shed. This passageway had been used for some time by Sweet in procuring and delivering coal from the shed above mentioned and also at times prior to the accident had been used by people going to a milk depot situate on the same side of the switch track as the coal shed and beyond the latter towards the foundry. On the occasion of the accident, which was in daylight, the intestate, under a permission given by his mother to ride in one of Sweet's coal wagons, was riding in an open wagon with one Gardner who on plaintiff's theory was driving to the coal shed. Intestate had no purpose except that of pleasure and had no relation to Sweet or the driver except the apparent permission to ride as above stated. As Gardner drove across the track to the coal shed the wagon was struck by a locomotive backing at a slow rate from the main track over the switch track to the foundry and the intestate was killed.

Defendant's alleged negligence was in its failure to give signals of the approach of the engine. It was practically undisputed that the man in charge of the wagon was guilty of contributory negligence and there was no evidence that the boy made any attempt to discover the approach of the engine.

*Charles T. Titus* for appellant. Where there is positive affirmative evidence that the bell and whistle were sounded as

against evidence that they were not heard, coupled in each instance by the witness' admission that he was not listening to or was not paying attention, no question is presented for the jury. (*Culhane* v. *N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 133.)

*Willard A. Rill* for respondent. The question of the defendant's negligence was properly left to the jury upon the conflict of evidence, and there is abundant evidence upon which to base their finding and the same should not be disturbed. (*Obenland* v. *B. H. R. R. Co.*, 127 App. Div. 418; *McGovern* v. *N. Y. C. & H. R. R. R. Co.*, 67 N. Y. 417; *Brown* v. *N. Y. C. R. R. Co.*, 32 N. Y. 597; *Flanigan* v. *N. Y. C. & H. R. R. R. R. Co.*, 70 App. Div. 505; *Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 289; *Swift* v. *S. I. R. R. Co.*, 123 N. Y. 645; *Dyer* v. *Erie R. R. Co.*, 71 N. Y. 228; *Eaton* v. *Erie R. R. Co.*, 51 N. Y. 544.)

HISCOCK, J. The trial court permitted the jury to find in this case that the defendant was guilty of negligence in not giving proper signals of the approach of its engine to the crossing whereon intestate was killed. It further held that plaintiff was not to be charged with the negligence of the driver of the wagon wherein her intestate was riding and further charged without objection that the jury might find that the boy who was killed was either *sui juris* or *non sui juris* and instructed them that in the latter case they were to determine whether intestate's parents were negligent in permitting him to be where he was and that in the former case they were to exact as against the plaintiff from her intestate that degree of care and caution which a child of his age would ordinarily exercise.

On this appeal there are urged as reasons for the reversal of the judgment, *first*, that the defendant owed no duty of care towards those traveling over the private right of way whereon intestate was riding when killed; *second*, that both the driver and the intestate were guilty of such negligence,

that of the former being imputable to the latter, as to bar a recovery; *third*, that the defendant was guilty of no negligence.

We have been beset by no doubts in overruling the arguments in behalf of appellant based on all of the grounds thus stated except the last one, and in respect to that we think the learned counsel for the appellant is correct.

The important omission of care alleged against the defendant is that the bell on the engine was not rung as it approached the crossing. Various employees of the defendant, some of whom were charged with a duty in respect thereto, testified positively that the bell operated automatically and that it rang constantly as the engine approached the crossing. Several witnesses were sworn in behalf of the plaintiff for the purpose of establishing that it did not ring until after the accident and the witness in each case did testify that he did not hear the bell ring before the accident. On further examination, however, such witness invariably testified in substance that he did not listen for the bell, and that his attention was not in any way directed at the time to the question whether it was or was not ringing, and also made it clear that he was not in such a position that he probably must have heard the bell if it did ring. Thus each witness at the close of his examination made it appear that his failure to hear the bell ring did not occur under such circumstances as to fairly indicate that it did not in fact ring. Under these circumstances and in the presence of positive testimony by credible witnesses that the bell did ring, the evidence was insufficient. (*Culhane* v. *N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 133.) In that case it was written: "The evidence is that the bell was rung. It is proved by the positive oath of the two individuals on the engine, one of whom rang it, and by two others who witnessed the occurrence and heard the ringing of the bell. The two witnesses for the plaintiff merely say they did not hear the bell, but they do not say that they listened or gave heed to the presence or absence of that signal. The judge in his charge, says they listened, but the statement is not borne out by the evidence.

As against positive, affirmative evidence by credible witnesses to the ringing of a bell or the sounding of a whistle, there must be something more than the testimony of one or more that they did not hear it, to authorize the submission of the question to the jury. It must appear that they were looking, watching and listening for it, that their attention was directed to the fact, so that the evidence will tend to some extent to prove the negative." (p. 137.)

For these reasons the judgment must be reversed and a new trial granted, costs to abide event.

CULLEN, Ch. J., GRAY, HAIGHT, WERNER and CHASE, JJ., concur; WILLARD BARTLETT, J., dissents.

Judgment reversed, etc.