Memorandum. The order of the Appellate Division is affirmed, with costs. The record contains sufficient evidence to support the jury’s finding of negligence on the part of defendant in that the plaintiff operator and two disinterested witnesses testified that no bell, horn, whistle or warning was sounded as the train approached the crossing. It is noteworthy, indeed, that the sole dissenter at the Appellate Division found that the question of defendant’s negligence was properly submitted as a fact issue to be resolved by the jury. However, we are unable to agree with the dissenter that plaintiff operator was contributorily negligent as a matter of law. In addition to evidence that he exercised caution as he neared the crossing, there was both testimonial and photographic proof in the record indicating that the driver’s view of the railroad tracks was obstructed by foliage and shrubbery along the roadbed from 3 to 14 feet in height, and also that defendant’s photographs, most of which were taken some two weeks following the accident, did not depict the scene as it existed on the day of the mishap. The presence of foliage obstructing the driver’s view, implicit in the jury’s verdict, renders inapplicable, in this case, the "no see, no look” rule of
 
 Doltini v Erie R.R. Co.
 
 (178 NY 1, 4). Upon this record, the issue of contributory negligence was, of course, a factual one, not reviewable by this court (see NY Const, art VI, § 3, subd a; Cohen and Karger, Powers of the New York Court of Appeals [rev ed], § 108, pp 449-453).
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 Order affirmed.