20588

John Ivory LOWERY, Respondent, v. SEABOARD COASTLINE RAILROAD COMPANY, Appellant.

(241 S. E. (2d) 158)

*John D. Lee, Jr.,* of *Lee & Moise,* Sumter, and *Hugh L. Willcox, Jr.,* of *Willcox, Hardee, Palmer, O'Farrell, Mc-Leod & Buyck,* Florence, *for Appellant,* 

*John W. Chappell,* and *Harry C. Wilson, Jr.,* of *Nash, Chappell and Wilson,* Sumter, *for Respondent,* 

January 26, 1978.

LEWIS, Chief Justice:

A jury verdict was rendered in favor of respondent against the appellant railroad in the amount of $13,000.00, actual damages, and $10,000.00 punitive damages, arising from a crossing collision between respondent's automobile and a train of appellant. The collision occurred at the intersection of appellant's railroad track and a private dirt crossing near Timmonsville, South Carolina. It was alleged that the collision and resulting damages were caused by the negligence and recklessness of appellant (1) in operating its train at an excessive speed, (2) in failing to timely give the statutory warning signals of the presence of the train, and (3) in allowing weeds to grow on its right of way adjacent to the crossing to such height as to obstruct the vision of motorists using the roadway.

Appellant contends in this appeal that error was committed in the failure of the trial judge to grant its timely motions for nonsuit, directed verdict, and judgment notwithstanding the verdict, upon the grounds that there was

no evidence of negligence or recklessness to sustain a verdict for either actual or punitive damages and that any right of respondent to recover was barred by his own contributory negligence and recklessness. Although argument is made to the contrary, we consider all questions argued by appellant as properly preserved for review, and affirm.

The appeal involves a review of solely factual issues controlled by settled principles of law.

The collision occurred about 8:30 a. m., on September 12, 1974, in a heavy fog. There was testimony that respondent approached the crossing on the foggy morning in question at a cautious speed of about three or four miles per hour. He could not see down the track to his right, in the direction from which the train approached, because of the high weeds growing on the right of way adjacent to the crossing, and he proceeded until he could see past the weeds. When he was able to see to his right, it was too late to avoid the collision as he immediately saw the approaching train, travelling at an estimated speed of approximately ·65 m. p. h., and, for the first time, heard the train whistle.

The fog, the inferences of excessive speed, lack of warning until too late to avoid the collision, and the failure to properly maintain the right of way amply sustain the award of both actual and punitive damages. Under these facts, it was for the jury to decide whether respondent's failure to see the train was excusable or culpable. *Clark v. Southern Railway Company*, 243 S. C. 27, 131 S. E. (2d) 844.

The judgment is affirmed.

NESS, RHODES and GREGORY, JJ., concur.

LITTLEJOHN, J., not participating.