■ PUBLIC ADMINISTRATOR OF KINGS COUNTY, as Administrator of the Estate of RODNEY MCBEAN, Deceased, Respondent, v U.S. FLEET LEASING OF NEW YORK, INC., et al., Appellants.— Order of the Supreme Court, New York County (Martin Stecher, J.), entered on September 22, 1988, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the motion granted and the complaint dismissed, without costs.

Rodney McBean died on October 18, 1985, minutes after having been struck by an automobile owned and leased by defendant U.S. Fleet Leasing, and driven by the individual defendant, Fernando Medina. This wrongful death action was commenced by the decedent's estate in September 1986. The sole distributee of the estate is the decedent's father, Robert C. McBean.

Damages for wrongful death are limited to "fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought" (EPTL 5-4.3 [a]; *see also, Parilis v Feinstein,* 49 NY2d 984, 985). In determining whether an estate beneficiary may reasonably expect to sustain pecuniary loss as a result of the decedent's death and, therefore, has a cognizable claim for compensation, it is, of course, relevant whether the decedent would have been legally obligated to support the beneficiary and, if not, whether there is any evidence that the decedent would have volunteered to do so *(see, Loetsch v New York City Omnibus Corp.,* 291 NY 308, 310; *Matter of Pridell,* 206 Misc 316).

Here, it is not disputed that the decedent had no legal obligation to support his father; thus the only question is whether there is evidence that he would have done so of his own free will. In this connection, the record indicates that the father left the household in which the decedent was raised when the decedent was 5 or 6 years of age. Although he continued to communicate with the decedent by phone, he lost all contact with him by the time the decedent was 19 and did not speak with him again for another four years. Father and son were reunited on only two relatively brief occasions prior

to the son's death at the age of 25. So attenuated was the relationship, that the father did not even learn of his son's death until some two years after the fact, when this action was already pending. There is absolutely no evidence that the father ever viewed his son, who died without assets and without any reasonably certain prospects, as a source of support, nor is there evidence that the son ever evinced any intention to assist his father, financially or otherwise.

The motion court denied the defendants' motion for summary judgment dismissing the complaint, expressing the view that in the absence of evidence persuasively indicating that there was no chance whatsoever of a recovery by the decedent's father, the matter should be left to the trier of fact. The issue, however, was not whether there was any chance whatsoever of a recovery, but whether there was an evidentiary basis for a reasonable expectation of pecuniary loss on the part of the father. On this record we cannot say that there was. In response to the defendants' very persuasive prima facie showing that there was not the slightest indication that the son would have been willing or able to offer his father pecuniary assistance, plaintiff offered only an affidavit by the father speculating that support might have been forthcoming. This was not sufficient to defeat the motion. Where, as here, the movant has sufficiently established its defense to warrant judgment in its favor, "[t]he party opposing the motion * * * must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which the opposing claim rests *(see, Zuckerman v City of New York,* 49 NY2d 557, 562, *supra).* '[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient' for this purpose *(Zuckerman v City of New York,* 49 NY2d 557, 562, *supra)." (Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 967.)

To be distinguished from the case at bar involving an adult decedent with little connection to his surviving parent are those cases in which the decedent is too young to have demonstrated any disposition or ability to support his or her surviving parents. In those cases wrongful death awards have been unheld when the existence of an intact family unit furnished some basis for the expectation that the surviving parents would have become objects of their child's bounty had the child lived *(see, Parilis v Feinstein, supra; Kelley v Cacace,* 43 AD2d 573).

Finally, to the extent that the complaint may be said to articulate a claim for the decedent's pain and suffering, that

too must be dismissed. There is no evidence that the decedent consciously suffered any pain in the brief interval between the accident and his death *(see, Matter of Payne,* 12 AD2d 940). Concur—Murphy, P. J., Sullivan, Ross, Rosenberger and Ellerin, JJ.