■ DONALD P. ZWART, Individually and as Administrator of the Estate of JACQUELINE ZWART, Deceased, Respondent, v

TOWN OF WALLKILL et al., Defendants, and CITY OF MIDDLE-
TOWN et al., Appellants. [596 NYS2d 557] —Mahoney, J. Appeal
(transferred to this Court by order of the Appellate Division,
Second Department) from an order of the Supreme Court
(Green, J.), entered December 2, 1991 in Orange County,
which denied a motion by defendants City of Middletown and
Barry Bernstein for, *inter alia,* summary judgment dismissing
the complaint against them.

Involved in this appeal is a wrongful death action against,
among others, defendants City of Middletown (hereinafter the
City) and Barry Bernstein (hereinafter collectively referred to
as defendants) predicated upon the failure to provide police
protection. The sole issue presented for review is whether
plaintiff adduced sufficient evidence in opposition to defen-
dants' motion for summary judgment to raise triable issues of
fact regarding the existence of a special relationship between
the City and plaintiff's decedent, Jacqueline Zwart (hereinaf-
ter Zwart), so as to create a duty to protect her from a fatal
attack perpetrated upon her by her former boyfriend, William
Kukys. Tragically, Kukys shot Zwart on August 13, 1988 and
then turned the gun on himself. Supreme Court concluded
that plaintiff's evidence raised factual issues and denied defen-
dants' motion in its entirety. We concur in that conclusion
and accordingly affirm.

It is well established that a municipality cannot be held
liable for injuries resulting from a failure to provide adequate
police protection absent a special relationship existing be-
tween the municipality and the injured party *(see, e.g., Kircher
v City of Jamestown,* 74 NY2d 251; *Cuffy v City of New York,*
69 NY2d 255). Establishment of a special relationship requires
demonstration of (1) the municipality's assumption, through
promise or actions, of an affirmative duty to act on behalf of
the victim, (2) knowledge on the part of the municipality's
agents that inaction could lead to harm, (3) some form of
direct contact between the municipality's agents and the
victim, and (4) justifiable reliance by the victim upon the
municipality's affirmative undertaking *(Cuffy v City of New
York, supra,* at 260).

The gravamen of defendants' arguments on appeal is that
plaintiff's proof fails to demonstrate the existence of a promise
or actions by the City or Bernstein, a police officer, from
which assumption of a duty reasonably could be inferred and,
even if it does, there is absolutely no indication of reliance.
We disagree. A review of the record establishes that Zwart's

death was the culmination of a two-year pattern of physically assaultive and threatening conduct by Kukys, an Orange County native, former Town of Wallkill police officer and then current part-time New York City police officer. It is uncontroverted that several City and State police officers, including Bernstein, who was a friend of Kukys, were aware of this abuse and that certain of Kukys' more violent episodes toward Zwart were the subject of criminal complaints filed in the neighboring Town of Wallkill. The situation formally came to the attention of the City police in April 1988 when Zwart complained of a chase and kidnapping incident perpetrated against her by Kukys. Formal complaints were lodged against Kukys in connection with this incident in both the City and the Town. As part of a plea to both charges which was entertained in Town Court, Kukys was given a conditional release, the condition being that he stay away from Zwart. This incident also prompted the City to report the complaint to Kukys' employer, the New York City Police Department, which commenced an investigation. Bernstein accompanied the investigators as they interviewed Zwart and others with regard to Kukys' behavior and, as a result, became acquainted with Zwart and intimately knowledgeable about the particulars of Kukys' violence.

Unfortunately, Kukys failed to comply with the order of protection contained in the release and a warrant for his arrest was issued by a Town Justice on August 1, 1988. Evidently during this period Kukys heightened his pursuit of Zwart. While a friend who was present at the time indicated that Zwart reported certain of these incidents to Town police and the State Police, both of which evidently were aware of the outstanding arrest warrant and so informed Zwart and her friend, no action was taken and she was directed to take her complaint to the City, which she did. On each of the three days before her death she contacted Bernstein, whom she knew as a result of the prior investigation and had directed her complaints to in the past. Again, no action was taken. Further, it was established that Bernstein was socializing with Kukys on the evening before the fatal shooting and yet failed to arrest him or take any other action, claiming to have been unaware of the arrest warrant.

In our view, even assuming that defendants' moving papers are sufficient to satisfy their initial burden of proof on a summary judgment motion, we note initially that because a significant portion of the evidentiary proof submitted in support thereof, notably the affidavits of the City Police Chief and

Bernstein relative to their knowledge of the outstanding arrest warrant and excerpts of Bernstein's deposition testimony detailing the nature of his relationship with Zwart and his failure to make any assurances or representations to her from which assumption of a duty could arise, speak to matters within the exclusive knowledge of the movants, summary judgment is inappropriate on that basis alone *(see, e.g., Ellis v Allstate Ins. Co.,* 151 AD2d 543; *cf., Denkensohn v Davenport,* 130 AD2d 860). In any event, we believe that the evidence adduced in plaintiff's papers, while admittedly slight and clearly circumstantial, is sufficient to create triable issues of fact with regard to whether defendants had or assumed a duty to act and Zwart's reliance thereon when viewed under the rule established in *Noseworthy v City of New York* (298 NY 76, 80), which holds a plaintiff to a lesser degree of proof in a death case *(see, De Long v County of Erie,* 60 NY2d 296, 306; *Berliner v Thompson,* 166 AD2d 78, 82-83). The submitted evidence contains documentation of Zwart's pattern of specifically seeking out Bernstein to report her claims of Kukys' violence, the increased incidence of her reports shortly before her death and testimony from which it could reasonably be inferred that Bernstein was aware of the order of protection contained in Kukys' conditional release, Kukys' violation thereof and the resulting arrest warrant. With regard to the element of reliance, here, as in *Berliner v Thompson (supra,* at 82), because evidence that Zwart did not alter her regular routine also is supportive of the reasonable inference that she relied upon defendants' representations of protection or statements that they would execute the arrest warrant, triable issues are presented which cannot be resolved on a summary judgment motion.

Weiss, P. J., Mikoll, Levine and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.