■ E. MOWER & SON, INC., Appellant, v CONSOLIDATED RAIL CORPORATION, Respondent. [671 NYS2d 833] —Peters, J. Appeals (1) from an order of the Supreme Court (Torraca, J.), entered January 24, 1997 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

On October 12, 1995, plaintiff's driver, Richard Valk, was delivering a load of gypsum to Independent Cement Plant in the Town of Catskill, Greene County. Fully familiar with this route, Valk noted that railroad tracks crossed the access road, visible from US Route 9W as it ran parallel to the tracks. Valk testified that there were no warning signs or gates at such crossing, but that there were markings on the ground and warning lights posted nearby which did not always function properly.

As he approached the railroad crossing, Valk did not hear a train bell, horn or whistle or see any warning lights activated.

Like plaintiff's other drivers, he nonetheless reduced his speed and approached cautiously since the load on the truck combined with the unevenness of the tracks jeopardized the suspension on their trucks. As Valk contended that his view was obstructed due to the overgrown vegetation, he cautiously proceeded over the first set of tracks and then first saw a train approaching. He immediately put his vehicle in reverse and stalled. Although he succeeded in backing his truck off the tracks in time, one of the railroad cars collided with the front of the truck. While Valk did not suffer any injuries, the damage to the truck was substantial.

William Stroffoleno contended that he was waiting behind Valk in his truck with his windows rolled down. He did not recall hearing a whistle, bell or any other warning from the approaching train and specifically recalled that Valk reduced his speed and cautiously approached the railroad crossing. Stroffoleno stated that he had previously observed railroad personnel working on these warning signals and was aware of incidents in which they were falsely activated. On this occasion, he asserted that they only activated after the accident.

Dwight Nielsen, the train's engineer, contradicted both Valk and Stroffoleno by testifying that on such occasion, he blew the horn several times, activated the bell and remembered seeing the warning lights blinking as the train approached. He first noticed the truck and blew the horn before it entered the crossing; Nielsen did not slow down because it was common to see trucks at this crossing. When Nielsen observed the truck enter the first set of tracks and attempt to back up while the train was approaching rapidly, he could only stop after the collision.

Plaintiff commenced this action alleging, *inter alia*, the failure to inspect, maintain and supervise the railroad tracks and its right-of-way, to insure that the trains were operated at a safe speed with appropriate warnings, and to provide and maintain adequate warning signals at the railroad crossing. Following discovery, defendant moved for summary judgment which was granted by Supreme Court upon the finding that the sole proximate cause of the accident and plaintiff's resulting damages was Valk's negligence. Plaintiff appeals.[1]

While Supreme Court appeared to rely upon *Vasquez v Consolidated Rail Corp.* (180 AD2d 247, *lvs denied* 80 NY2d 762) to find that Valk's familiarity with the crossing consti-

---

**1.** Notwithstanding the appeal from each and every portion of the underlying decision/order and judgment which includes the denial of a motion to strike the note of issue, we decline to so address that motion upon finding it to be abandoned.

tuted an intervening or superseding cause so as to relieve defendant of any liability (*see, id.,* at 250), we must reverse. Valk's testimony, corroborated by Stroffoleno, regarding his cautious approach prior to crossing the tracks, the absence of a train bell, horn or whistle and testimony evincing the possible obstruction of his view due to an overgrowth in vegetation,[2] was sufficient, in our view, to defeat the motion at this juncture (*see, Zuckerman v City of New York,* 49 NY2d 557; *see also, Hessner v Delaware & Hudson Ry. Co.,* 38 NY2d 906; *Miller v Town of Fenton,* 247 AD2d 740; *Delaney v Town of Orangetown,* 44 AD2d 396, *affd* 36 NY2d 770).

Mercure, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the order and judgment are reversed, on the law, with costs, and motion denied.

---

2. As to such photographs submitted by defendant in support of its claim that no visibility was obstructed, the testimony proffered indicated that such photographs did not depict the tracks from the vantage of a driver approaching the tracks to enter the cement plant (*see, Hessner v Delaware & Hudson Ry. Co.,* 38 NY2d 906, 907; *see also, Miller v Tuxedo Park Assn.,* 101 AD2d 811).