■ MICHAEL RUSSELL et al., Respondents, v EMILO A. FUSCO et al., Defendants, and DELAWARE AND HUDSON RAILWAY COMPANY, INC., Appellant. [699 NYS2d 798] —Graffeo, J. Appeal from an order of the Supreme Court (Lynch, J.), entered July 10, 1998 in Schenectady County, which, upon reargument, denied a motion by defendant Delaware and Hudson Railway Company, Inc. for summary judgment dismissing the complaint against it.

Plaintiff Michael Russell (hereinafter plaintiff) and his wife, derivatively, commenced this negligence action to recover damages for personal injuries he sustained in March 1992 in a collision between his automobile and a train operated by defendant Delaware and Hudson Railway Company, Inc. (hereinafter D & H). At the time of the accident, plaintiff was traveling on a private road owned and maintained by defendants Emilo A. Fusco, David Fusco, Rudy Eignor and Paul Vogel (hereinafter collectively referred to as the landowners). Impact with the locomotive occurred as he attempted to cross railroad tracks at an unmarked crossing.

Supreme Court initially granted motions by D & H and the landowners for summary judgment seeking dismissal of plaintiffs' complaint. However, upon plaintiff's motion to reargue, the court modified its previous order by denying D & H's motion for summary judgment. D & H now appeals.

D & H argues that it established as a matter of law that the sole proximate cause of the accident was plaintiff's inattention

and that it did not have a duty to sound a whistle as it approached the private crossing. It is undisputed that there were no signs, lights or other markings alerting motorists of the potential hazard at the private crossing. Although D & H stresses plaintiff's awareness of the existence of the crossing, plaintiff testified to the contrary. Plaintiff claimed the dirt and gravel road he traveled was "ruddy" and that he did not notice the tracks during his earlier journeys over the road that morning. Furthermore, plaintiff indicated that although he was proceeding very slowly and cautiously, he did not see the train because the tracks were situated on a crest at an elevation above the roadway and his vision was obstructed by overgrown vegetation at the site of the crossing. Based on the cumulative evidence presented, we find that a triable issue of fact exists as to whether plaintiff's actions were the sole proximate cause of the accident (*see, Mower & Son v Consolidated Rail Corp.*, 249 AD2d 809; *Miller v Town of Fenton*, 247 AD2d 740, 741; *cf., Guller v Consolidated Rail Corp.*, 242 AD2d 283; *Vasquez v Consolidated Rail Corp.*, 180 AD2d 247).

Supreme Court also properly noted the existence of a factual dispute regarding the sounding of the train's whistle to alert plaintiff to the train's proximity to the crossing (*see, Ludlam v Guilford Transp. Indus.*, 145 AD2d 860, *appeal dismissed* 74 NY2d 733). The train's engineer testified that as he noticed plaintiff's vehicle slowly approaching the crossing, he activated the whistle. Corroboration was provided by a conductor who maintained that he heard the audible signal prior to the collision. In contrast, plaintiff insisted that a whistle was not sounded and a brakeman on the train contradicted his co-workers in stating that he did not hear a whistle before impact.

Although we acknowledge that no common-law duty has been established for railroads operating in New York imposing the standard of care applicable at a public highway crossing to a private crossing (*see generally, McDermott v New York Cent. R. R. Co.*, 14 AD2d 642, 643, *lv denied* 10 NY2d 709),[1] given the particular concatenation of circumstances in this case, we conclude that a question of fact exists as to whether D & H exercised due care and engaged in reasonable precautions, i.e., a whistled warning, as the train neared the crossing (*see gener-*

---

1. The parties have not raised and we do not consider the applicability of Railroad Law § 53-b which addresses an engineer's failure to sound a whistle "at least eighty rods from any place where such railway crosses a traveled road or street".

*ally*, *Hessner v Delaware & Hudson Ry. Co.*, 46 AD2d 463).[2] Specifically, the train engineer conceded that he observed plaintiff's car approaching the crossing, and in fact, averred that he blew the whistle to alert plaintiff to the train's presence. Moreover, plaintiff testified that he did not hear a train whistle, was not aware of the crossing, having not traversed the tracks for eight years prior to the several trips he made the day of the accident, and asserted that his line of sight was obscured by the contours of the terrain and by brush.

Cardona, P. J., Spain and Mugglin, JJ., concur.

Crew III, J. (dissenting). Because I believe that defendant Delaware and Hudson Railway Company, Inc. (hereinafter D & H) owed plaintiff Michael Russell no legal duty in the circumstances presented by the record here, I respectfully dissent. It has long been the rule that a railroad has a duty to give timely notice of the approach of its trains at public grade crossings, which notice includes, *inter alia*, warning by bell or whistle (*see generally*, *Crough v New York Cent. R. R. Co.*, 260 NY 227; *Foley v New York Cent. & Hudson Riv. R. R. Co.*, 197 NY 430; *Vandewater v New York .& New England R. R. Co.*, 135 NY 583). As a general rule, however, the duty of care imposed upon a railroad at a private crossing, as is the case here, is not the same as at a public crossing. It is only when the use made of a private crossing by the general public is so extensive, notorious and constant, and for such a length of time that the railroad knew or should have known of such use, that the railroad is required to treat it as a public crossing and give appropriate warning of the approach of its trains (*see, e.g.*, *Byrne v New York Cent. & Hudson Riv. R. R. Co.*, 104 NY 362, 366; *McDermott v New York Cent. R. R. Co.*, 14 AD2d 642, 643, *lv denied* 10 NY2d 709; *Fischer v New York Cent. R. R. Co.*, 188 Misc 72, 73, *affd* 273 App Div 135).

Here, there is no evidence in the record before us that the concededly private crossing was so used and, accordingly, D & H simply had no duty to warn of the approach of its train. Under the circumstances, I would reverse Supreme Court's order and grant D & H's motion for summary judgment dismissing the complaint against it.

---

2. Various jurisdictions have imposed a common-law duty to warn at private crossings under certain circumstances (*see, e.g.*, *Mulkey v Spokane, Portland & Seattle Ry. Co.*, 65 Wash 2d 116, 396 P2d 158; *Fritzsche v Union Pac. R. R. Co.*, 303 Ill App 3d 276, 707 NE2d 721; *Bakhuyzen v National Rail Passenger Corp.*, 20 F Supp 2d 1113; *Paulsen v Des Moines Union Ry. Co.*, 262 NW2d 592 [Iowa]; *Lowery v Seaboard Coastline R. R. Co.*, 270 SC 113, 241 SE2d 158; *Illinois Cent. R. R. Co. v White*, 610 So 2d 308 [Miss]; *Beasley v Grand Trunk W. R. R. Co.*, 90 Mich App 576, 282 NW2d 401).

Ordered that the order is affirmed, with costs.