■ DONNA TENKATE et al., Individually and as Parents and Guardians of ERICA TENKATE, an Infant, Respondents, v MARIE S. MOORE et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Third-Party Defendant-Respondent-Appellant. [711 NYS2d 587] —Rose, J. (1) Cross appeals from an order of the Supreme Court (Relihan, Jr., J.), entered October 12, 1999 in Tompkins County, which granted third-party defendant's motion for summary judgment and granted a declaration in favor of third-party defendant, and (2) appeal from an order of said court, entered October 22, 1999 in Tompkins County, which partially denied defendants' motion for summary judgment dismissing the complaint.

In August 1995, defendant Marie S. Moore provided child care services for plaintiffs by babysitting their 13-month-old daughter, Erica Tenkate, in Moore's home. On August 2, 1995, Moore informed plaintiff Donna Tenkate (hereinafter plaintiff) of two unexplained bruises on Erica's back and the child's favoring of one of her arms during the day. Plaintiff subsequently observed that Erica was lethargic and inactive, but attributed these symptoms to a recent immunization. On the following morning, Moore observed Erica's leg buckle when she attempted to climb onto a couch and mentioned this occurrence during a later telephone call from plaintiff. Plaintiff immediately picked the child up from Moore's home, observed that her leg was swollen and took her to a pediatrician. Subsequent X rays revealed that the child had sustained a spiral fracture of her right femur and a chip fracture of her right humerus. The pediatrician notified the Tompkins County

Department of Social Services (hereinafter DSS) of these injuries. DSS removed the child from plaintiffs' care pending the outcome of a Family Court Act article 10 proceeding. After hearing the opinions of medical experts as to the possible causes of the child's injuries, Family Court concluded that the injuries were "likely as not" sustained while the child was in Moore's care and dismissed DSS' petition.

In July 1998, plaintiffs commenced the instant personal injury action (hereinafter the main action) against Moore and her husband claiming that their negligent supervision and care were the cause of the child's injuries. Thereafter, defendants commenced a third-party action against third-party defendant, National Grange Mutual Insurance Company (hereinafter National), seeking an order declaring that National was obligated to defend and indemnify them in the main action under the terms of the homeowner's insurance policy issued to them by National.

Following depositions, National moved for summary judgment based on an exclusion of coverage in the homeowner's policy for injuries arising from an insureds' business enterprise. Defendants cross-moved for summary judgment in the third-party action based on an exception to the policy's exclusion and moved for summary judgment dismissing the complaint in the main action on the ground that plaintiffs would not be able to establish that defendants' negligence was a cause of the child's injuries. By order entered October 12, 1999, Supreme Court, *inter alia*, granted National's motion, finding that National had no duty to defend or indemnify defendants under the insurance policy. By separate order entered October 22, 1999, Supreme Court, *inter alia*, denied summary judgment to defendants on the negligence claims. Defendants appeal from both orders. We affirm the second order and reverse the first.

Supreme Court properly denied defendants' motion for dismissal of the negligence causes of action because summary judgment is inappropriate where, as here, the facts governing the resolution of material issues are within the exclusive knowledge of the moving parties (*see, Zwart v Town of Wallkill*, 192 AD2d 831, 834). Defendants' motion to dismiss is primarily based on Moore's assertion in her supporting affidavit that on the two days in question, the child was not involved in a fall or other accident and was not abused by anyone while at defendants' home. Although plaintiffs are unable to offer evidence demonstrating the specific act or omission which caused their child's injury, they rely on circumstantial evidence to meet their burden of proof in opposing defendants' motion.

" 'To establish a prima facie case based solely on circumstantial evidence, it is enough that [a] plaintiff shows facts and conditions from which negligence of [the] defendant and causation of the accident may reasonably be inferred' * * * and the evidence must be viewed in the light most favorable to the plaintiff, according her every reasonable inference" (*DiFranco v Golub Corp.*, 241 AD2d 901, 902, quoting *Kadyszewski v Ellis Hosp. Assn.*, 192 AD2d 765, 766 [citations omitted]). Here, plaintiffs assert that the injury did not occur while the child was in their care and was discovered while the child was in Moore's care. There is also evidence that other children had sustained injuries while in Moore's care, that symptoms clearly referable to the child's fractures arose only while in Moore's care, and that one of the possible accidental causes of the child's injuries was a long fall on or from an unprotected stairway such as is present in defendants' home. Because no party has alleged that the injuries occurred while this 13-month-old child was somewhere other than in plaintiffs' or defendants' home, determination of the cause of the injury and any liability on the part of defendants turns primarily upon an assessment of the parties' credibility.

As the nonmoving parties, plaintiffs are entitled to the benefit of the doubt and the favorable inference that the injuries were sustained while in Moore's care. Although plaintiffs clearly will bear the burden of proof on the issue at trial (*see, Henry v General Motors Corp.*, 201 AD2d 949, *lv denied* 84 NY2d 803), they raised sufficient issues of fact in the context of this summary judgment motion to warrant having the circumstantial evidence and defendants' credibility concerning the child's injury tested by cross-examination and assessed by the trier of fact (*see, Walsh v Town of Cheektowaga*, 237 AD2d 947, 948, *lv dismissed* 90 NY2d 889; *Kelly v LeMoyne Coll.*, 199 AD2d 942, 943-944; *Scott v Keener*, 186 AD2d 955, 958; *Fulmont Mut. Ins. Co. v Toran*, 158 AD2d 829, 831).

Supreme Court, however, erred in granting National's motion for summary judgment and making a declaration in its favor. "The duty of a liability insurer to defend an action brought against an insured is determined by the allegations in the complaint * * * If the facts alleged raise a reasonable possibility that the insured may be held liable for some act or omission covered by the policy, then the insurer must defend * * * If no such possibility is raised, no duty to defend is owed under the policy" (*Meyers & Sons Corp. v Zurich Am. Ins. Group*, 74 NY2d 298, 302 [citations omitted]). Here, in pertinent part, the complaint in the main action alleges that

the child was injured as a result of the negligent care and supervision exercised by defendants while they were providing child care. National contends that because defendants do not deny that they were engaged in the business of child care as to the child, these allegations fall squarely within the subject policy's express exclusion of coverage for injuries "[a]rising out of the business pursuits of an insured". Defendants, however, maintain that National failed to establish that the alleged injury did not occur within the context of the policy's nonbusiness pursuits exception, which states that the business exclusion does not apply to injuries arising from "activities which are usual to non-business pursuits".

We find nothing about the nature of the child's injuries themselves implying that they could have been sustained only as a result of conduct intrinsic to the provision of child care. Rather, the injuries could have been intentionally inflicted by another child present in defendants' home, a cause incident to a nonbusiness pursuit (*see, Gallo v Grosvenor*, 175 AD2d 454 [insured's supervision of her own son, the failure of which allegedly resulted in a sexual attack on a child being cared for by the insured, was incident to a nonbusiness pursuit]). The other possible cause of the child's injuries mentioned in the earlier Family Court proceeding was a fall down a long flight of stairs. Moore's deposition testimony confirms that there was an unguarded stairway in defendants' home, a feature ordinarily associated with nonbusiness pursuits and not with the provision of child care (*see, Gulf Ins. Co. v Tilley*, 280 F Supp 60, 65, *affd* 393 F2d 119 [preparation of coffee in babysitter's home held to be within nonbusiness pursuits exception]). In light of these possible causes of the child's injuries here, National "failed to meet its burden of establishing that the alleged injury resulted from activities which fell solely under the business pursuits exclusion of the policy and not under the narrow exception to that exclusionary clause which requires that coverage be afforded for activities 'usual to non-business pursuits'" (*Hanover Ins. Co. v Cowan*, 172 AD2d 490, 491; *see, Gulf Ins. Co. v Tilley, supra*). National therefore has a duty to defend defendants.

Crew III, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order entered October 12, 1999 is modified, on the law, without costs, by reversing so much thereof as granted third-party defendant's motion for summary judgment; said motion denied to that extent and it is declared that third-party defendant has a duty to defend defendants in the main action; and, as so modified, affirmed. Ordered that the order entered October 22, 1999 is affirmed, without costs.