■ BARBARA L. BUDIK, Individually and as Executor of JOSEPH P. BUDIK, Deceased, Appellant, v CSX TRANSPORTATION, INC., et al., Respondents. [931 NYS2d 176]—

Lahtinen, J.

Plaintiff's husband died as a result of injuries sustained when a train of defendant CSX Transportation, Inc. struck his Toyota Tacoma pickup truck at a private railroad crossing in the Town of Saugerties, Ulster County. The crossing was part of a private road that plaintiff and decedent used to gain access to their home. It was located in a general area where there are several private crossings and, at some of the crossings, there reportedly had been many previous accidents between trains and vehicles. Shortly after 6:00 A.M. on April 7, 2005, decedent was driving west on the private road when the front of his truck went onto the tracks and was hit by the southbound train traveling just under 50 miles per hour that was operated by defendant John Lacona II. Lacona admittedly did not sound the train's whistle or apply its brakes prior to impact. Plaintiff commenced this wrongful death action and, following disclosure, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiff appeals.

Plaintiff is held to a lesser burden of proof in this wrongful death action (*see Noseworthy v City of New York*, 298 NY 76, 80-81 [1948]). We have previously held that, in an action where *Noseworthy* is applicable, proof in opposition to a summary judgment motion that is "admittedly slight and clearly circumstantial" may nevertheless be sufficient to raise a triable issue (*Zwart v Town of Wallkill*, 192 AD2d 831, 834 [1993]; *see Berliner v Thompson*, 166 AD2d 78, 82 [1991]). Defendants placed significant reliance in their motion on Lacona's deposition testimony that he could not see decedent's truck until it moved toward the tracks when the train was 100 to 150 feet from it and, thus, defendants contend that the accident was unavoidable and sounding the train's whistle would not have helped. The critical facts regarding the distance and the movement of decedent's truck were exclusively within the knowledge of the movants, which generally is not a proper basis for summary judgment (*see Tenkate v Moore*, 274 AD2d 934, 935 [2000]; *Zwart v Town of Wallkill*, 192 AD2d at 833-834). However, even if this proof satisfied defendants' prima facie burden, plaintiff produced evidence sufficient under the reduced burden to raise a triable issue. In response to questioning at his deposition about the events immediately before the accident, Lacona acknowledged seeing decedent's truck, wondering if he was going to stop, saying twice to the conductor, "Is he going to stop?", and hearing the conductor then respond, "I don't know." All of this occurred before impact. Although circumstantial, this testimony is sufficient to raise an issue as to whether Lacona observed decedent farther away than his estimate of 100 to 150 feet and, thus, whether there was time to warn decedent by sounding the train's whistle.

There is also ample proof to raise a factual issue regarding plaintiff's contention that vegetation in CSX's right-of-way obstructed decedent's sight distance contributing to the accident. Initially, we note that we are unpersuaded by defendants' assertion that, under the facts alleged by plaintiff, this issue is necessarily preempted by federal law (*see* 49 USC § 20106; *Shanklin v Norfolk S. Ry. Co.*, 369 F3d 978, 985-988 [6th Cir 2004]; *Peters v Union Pac. R. Co.*, 455 F Supp 2d 998, 1003-1004 [WD Mo 2006]; *see also* William E. Kenworthy, Transportation Safety and Insurance Law § 3.04 [4] [c]; *cf. Russell v Fusco*, 267 AD2d 738, 739 [1999] [obstruction caused by overgrown vegetation considered as part of common-law negligence action arising from collision between vehicle and train]). Plaintiff stated in her affidavit that CSX had not cut the vegetation in its right-of-way since the late 1990s, she described growth in the right-of-way, and opined that "sight distance was . . . 100

to 150 [feet] when stopped at a point where the train would not strike your vehicle." In addition, a police report in the record lists limited sight distance as a cause of the accident, and Lacona answered in the affirmative when asked at his deposition whether vegetation blocked his view of decedent's truck. There are triable issues and, accordingly, defendants' motion should not have been granted (*see Russell v Fusco*, 267 AD2d at 739-740; *E. Mower & Son v Consolidated Rail Corp.*, 249 AD2d 809, 810-811 [1998]).

Peters, J.P., Spain, Stein and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.