# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**259**

**CA 15-01236**

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

WILLIAM SPATH, INDIVIDUALLY AND AS PARENT AND
NATURAL GUARDIAN OF BENJAMIN W. SPATH, AN
INFANT, PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

STORYBOOK CHILD CARE, INC., DAVID L. CLEARY,
MISTY ZAMBUTO AND MICHAEL ROSS,
DEFENDANTS-APPELLANTS.

---

BURKE, SCOLAMIERO, MORTATI & HURD, LLP, ALBANY (LIA B. MITCHELL OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

BRENNA BOYCE PLLC, ROCHESTER (DONALD G. REHKOPF OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered October 14, 2014. In its order, entered after a bifurcated bench trial on liability, the court determined that defendants Storybook Child Care, Inc. and Michael Ross were negligent and that their negligence was a substantial factor in causing the injuries sustained by plaintiff's child.

It is hereby ORDERED that said appeal by defendants David L. Cleary and Misty Zambuto is unanimously dismissed and the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for traumatic head injuries allegedly sustained by his son while he was at a daycare center operated by defendant Storybook Child Care, Inc. (Storybook). Defendants appeal from an order in which Supreme Court found, following a bifurcated bench trial on liability, that Storybook and defendant Michael Ross, a Storybook employee and the child's primary caregiver while at the daycare center, were negligent, and that their negligence was a substantial factor in causing the child's injuries. We note at the outset that the appeal insofar as taken by defendants David L. Cleary and Misty Zambuto must be dismissed because they are not aggrieved by the order (*see* CPLR 5511). We affirm the order.

Plaintiff did not present any eyewitness to the child being injured, and the medical testimony presented at trial did not establish the precise timing or mechanism of injury. Plaintiff presented testimony from the child's mother that the child's head was

fine before she left the child in the care of Storybook and Ross (defendants) and that, upon returning to the daycare center at the end of the day, she observed that the child was red, his head was wet, and Ross was acting "nervous or weird." Defendants presented testimony that no one witnessed any injury to the child and that he may have injured himself at home that morning, prior to being placed in defendants' care.

We reject defendants' contention that the court's determination of liability is against the weight of the evidence. Where, as here, direct evidence of a defendant's negligence is not available, a plaintiff may nevertheless establish defendant's negligence through circumstantial evidence (see Gayle v City of New York, 92 NY2d 936, 937; see also Tenkate v Moore, 274 AD2d 934, 936). In such instances, the plaintiff "need not positively exclude every other possible cause of" the alleged injury (Gayle, 92 NY2d at 937). Rather, "[a] prima facie case of negligence based on circumstantial evidence is established [where, as here,] plaintiff's evidence proves that it is 'more likely' or 'more reasonable' that the injury was caused by defendant's negligence than by some other agency" (New York Tel. Co. v Harrison & Burrowes Bridge Contrs., 3 AD3d 606, 608; see generally Tenkate, 274 AD2d at 936). Further, the decision of the court following a bench trial should not be disturbed on appeal "unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially [where, as here,] the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (Thoreson v Penthouse Intl., 80 NY2d 490, 495, rearg denied 81 NY2d 835 [internal quotation marks omitted]; see Livingston v State of New York, 129 AD3d 1660, 1660, lv denied 26 NY3d 903).

Defendants further contend that the court erred in admitting evidence that Ross had been involved in two other incidents involving children under his care at the daycare center, on the ground that it was inadmissible evidence of a prior bad act. We reject that contention, inasmuch as the evidence was relevant to plaintiff's negligent supervision and negligent retention causes of action (see DeJesus v DeJesus, 132 AD3d 721, 722). Defendants' contention that the court erred in excluding written statements made by employees of the daycare center in connection with the internal investigation of the incident at issue also is without merit, inasmuch as defendants failed to establish that such statements were made in the regular course of the daycare center's business (see CPLR 4518 [a]).

Defendants failed to preserve for our review their contention that the court erred in admitting the opinions and conclusions contained in the police report because they failed to object at trial to the testimony of the investigator who authored the police report (see Matter of State of New York v Wilkes [appeal No. 2], 77 AD3d 1451, 1452). We note in any event that defendants waived their contention by stipulating to the admission of the redacted police report in evidence at trial (see generally Wittman v Wittman, 302 AD2d 914, 914). Finally, although defendants contend that the court abused its discretion in drawing an adverse inference against them based on

the failure of defendant Misty Zambuto to testify, we note that the court's decision does not indicate that the court in fact drew any such inference.

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court