*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 31, 2016                    521221
_____

JUDITH A. McKENNA,
    Individually and as
    Administrator of the
    Estate of JAMES J. McKENNA
    JR., Deceased,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

JOHN T. REALE,
                        Respondent.
_____


Calendar Date:   February 9, 2016

Before:  Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ.

                        _____


        Melley Platania, PLLC, Rhinebeck (Steven M. Melley of
counsel), for appellant.

        Burke, Scolamiero, Mortati & Hurd, LLP, Hudson (Judith B.
Aumand of counsel), for respondent.

                        _____


Lynch, J.

        Appeal from an order of the Supreme Court (Zwack, J.),
entered August 21, 2015 in Rensselaer County, which granted
defendant's motion for summary judgment dismissing the complaint.

        On April 30, 2009, James J. McKenna Jr. (hereinafter
decedent), who was riding a bicycle, was struck and killed by
defendant, who was driving his vehicle southbound on Route 82 in
the Town of Livingston, Columbia County.  The collision occurred
just past the intersection of Routes 82 and 9 as decedent, also
traveling southbound, crossed Route 82 from the east to the west

shoulder in front of defendant's vehicle.  Plaintiff, as administrator of decedent's estate, commenced this action for wrongful death and conscious pain and suffering.  Following completion of discovery, Supreme Court granted defendant's motion for summary judgment dismissing the complaint.  Plaintiff now appeals.

Generally, to succeed on a motion for summary judgment, a defendant must submit sufficient admissible evidence to establish the absence of any material issues of fact and to warrant judgment as a matter of law in his or her favor (see CPLR 3212; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).  To determine whether there are any factual issues, we view the evidence in a light most favorable to the nonmoving party and give that party the benefit of every favorable inference (see Boston v Dunham, 274 AD2d 708, 709 [2000]).  In this wrongful death action, "admittedly slight and clearly circumstantial" evidence may be sufficient to raise a triable issue of fact (Budik v CSX Transp., Inc., 88 AD3d 1097, 1098 [2011] [internal quotation marks and citation omitted]; see Noseworthy v City of New York, 298 NY 76, 80-81 [1948]).

Assuming that decedent was negligent, because there can be more than one proximate cause of an accident (see O'Brien v Couch, 124 AD3d 975, 977 [2015]), defendant's obligation on this motion was to establish his "freedom from comparative fault as a matter of law" (Palmeri v Erricola, 122 AD3d 697, 698 [2014]; see Ayotte v Gervasio, 81 NY2d 1062, 1063 [1993]).  Drivers have a duty to exercise reasonable care under the circumstances presented and to see and respond to the conditions in the roadway within their view (see Rivera v Fritts, 136 AD3d 1249, 1251 [2016]; Smith v Allen, 124 AD3d 1128, 1130 [2015]; see also PJI 2:77).  Here, defendant relies primarily on his own deposition testimony and the police report wherein the investigating officer concluded that "the primary causative factor of th[e] collision was [decedent's] failure . . . to yield the right of way" to defendant's truck.  Defendant testified that there was no traffic as he proceeded through the intersection and that he was driving below the speed limit at a constant speed.  He acknowledged that, at this point, he looked towards the gas station to the right, and then looked down at his gas gauge.  When he "looked back up

at the road," he saw decedent for the first time "[r]ight in front of [him]." Defendant explained that he had "tunnel vision" and was uncertain whether he saw the bike in motion moving across the road. He braked and attempted to steer left but hit decedent, who rolled across the hood and hit the windshield before landing behind the truck. In our view, from defendant's own testimony, a jury could reasonably conclude that defendant failed to see what there was to be seen through the proper use of his senses. Accordingly, we disagree with Supreme Court's conclusion that defendant met his prima facie burden as to the cause of decedent's death (see Palmeri v Erricola, 122 AD3d at 698; Boston v Dunham, 274 AD2d at 710).

Next, Supreme Court properly determined that defendant established prima facie entitlement to summary judgment dismissing plaintiff's claim for conscious pain and suffering from the moment of injury to the moment of death. To establish such a claim, the evidence must support a finding that decedent experienced "some level of awareness" before dying (McDougald v Garber, 73 NY2d 246, 255 [1989] [internal quotation marks omitted]; see Martin v Reedy, 194 AD2d 255, 259 [1994]). Accordingly, on this motion, defendant's initial burden was to establish that decedent did not endure conscious pain and suffering (see Houston v McNeilus Truck & Mfg., Inc., 115 AD3d 1185, 1186 [2014]). Dismissal of a claim for conscious pain and suffering is not warranted in the absence of proof that decedent was unconscious immediately after the accident (see id.; Barron v Terry, 268 AD2d 760, 761 [2000]). Here, the paramedics reported that decedent was dead upon their arrival, the coroner concluded that decedent's death was instantaneous from multiple head injuries and defendant testified that, as soon as he approached after the accident, he observed that decedent was unconscious, not moving and did not appear to be breathing. In our view, this evidence of decedent's condition immediately following the accident, coupled with the coroner's and paramedic's reports, was sufficient to demonstrate prima facie entitlement to summary judgment dismissing plaintiff's cause of action for conscious pain and suffering for the physical injuries sustained. That defendant placed a blanket over decedent does not, as plaintiff maintains, present a question of fact as to whether decedent was conscious (see Boston v Dunham, 274 AD2d at 711).

We reach a different conclusion with respect to plaintiff's claim for preimpact terror, which pertains to the emotional pain and suffering that decedent may have endured between the moment he observed defendant's vehicle and the moment of impact (see PJI 2:320). Defendant testified that he saw decedent immediately prior to impact, that decedent was facing "[t]owards [his] right" and that he could not recall whether decedent looked in his direction. This testimony does not establish, as a matter of law, that decedent was unaware of the impending collision. Moreover, operative facts that are solely within the movant's knowledge should not form the basis for a motion for summary judgment (see Budik v CSX Transp., Inc., 88 AD3d at 1098). In our view, a jury should be permitted to determine whether decedent was aware of impending serious physical injury or death, even if the duration of such comprehension was limited (see Boston v Dunham, 274 AD2d at 711; Lang v Bouju, 245 AD2d 1000, 1001 [1997]).

Finally, turning to plaintiff's claim for wrongful death, recovery may be had for "fair and just compensation for the pecuniary injuries resulting from [a] decedent's death to the persons for whose benefit the action is brought" (EPTL 5-4.3 [a]; see EPTL 5-4.1). "[T]he essence of the cause of action for wrongful death in this [s]tate is that the plaintiff's reasonable expectancy of future assistance or support by [the] decedent was frustrated by [the] decedent's death" (Gonzalez v New York City Hous. Auth., 77 NY2d 663, 668 [1991]). Thus, a plaintiff may recover for "'[l]oss of support, voluntary assistance and possible inheritance, as well as medical and funeral expenses incidental to death'" (id., quoting Parilis v Feinstein, 49 NY2d 984, 985 [1980]; see EPTL 5-4.3 [a]). Because it is difficult to establish pecuniary loss, damages in a wrongful death case should typically be for a jury to calculate (see Milczarski v Walaszek, 108 AD3d 1190, 1190 [2013]). Here, plaintiff testified that her son did not work much and did not own property, but that, during decedent's lifetime, he would give her birthday and Christmas gifts, occasionally gave her money and, before she moved to an assisted living facility, would mow her grass. Plaintiff also testified that she contributed money towards her son's funeral

expenses.[1]  Based on the limited record, we find that defendant did not demonstrate the absence of any material questions with regard to plaintiff's pecuniary loss and that Supreme Court should not have dismissed the wrongful death claim (see id. at 1190-1191; Singer v Friedman, 220 AD2d 574, 577 [1995]).

Peters, P.J., McCarthy and Egan Jr., JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment dismissing the causes of action for preimpact terror and wrongful death; motion denied to said extent; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1]  On this appeal, plaintiff asserts, without record support, that Columbia County has a lien for funeral expenses.