■ ALEX W. HART, Appellant, v TRANSEL ELEVATOR AND ELEC-TRIC, INC., et al., Respondents. [44 NYS3d 551]—

In an action, inter alia, to recover damages for wrongful death, etc., the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated November 7, 2014, as granted the motion of the defendants Transel Elevator and Electric, Inc., Michael Hill, David O'Neill, Jason Torzilli, Robert Schroeder, Efrain Cardona, and John Fichera, and the separate motion of the defendant Cushman & Wakefield, Inc., for summary judgment dismissing the second cause of action insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, and the motion of the defendants Transel Elevator and Electric, Inc., Michael Hill, David O'Neill, Jason Torzilli, Robert Schroeder, Efrain Cardona, and John Fichera, and the separate motion of the defendant Cushman & Wakefield, Inc., for summary judgment dismissing the second cause of action insofar as asserted against each of them are denied.

Suzanne L. Hart (hereinafter the decedent) died intestate

and without a spouse or children. Her father (hereinafter the plaintiff) was both the sole distributee and the administrator of her estate. He commenced this action, inter alia, to recover damages for the decedent's wrongful death against the defendants Transel Elevator and Electric, Inc., Michael Hill, David O'Neill, Jason Torzilli, Robert Schroeder, Efrain Cardona, and John Fichera (hereinafter collectively the Transel defendants), and Cushman & Wakefield, Inc. (hereinafter C & W).

The Transel defendants and C & W separately moved for summary judgment dismissing the second cause of action, which seeks to recover damages for wrongful death, insofar as asserted against each of them. All the defendants argued that the plaintiff had no recoverable damages arising out of the wrongful death cause of action. In an order dated November 7, 2014, the Supreme Court, inter alia, granted the motions. The plaintiff appeals.

"Damages in a wrongful death action are, by statute, limited to 'pecuniary injuries' suffered by the distributees of decedent's estate" (*Parilis v Feinstein*, 49 NY2d 984, 985 [1980], quoting EPTL 5-4.3). "[T]he essence of the cause of action for wrongful death in this State is that the plaintiff's reasonable expectancy of future assistance or support by the decedent was frustrated by the decedent's death" (*Gonzalez v New York City Hous. Auth.*, 77 NY2d 663, 668 [1991]; *McKenna v Reale*, 137 AD3d 1533, 1536 [2016]; *Public Adm'r of Kings County v U.S. Fleet Leasing of N.Y.*, 159 AD2d 331, 331 [1990]).

The defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the second cause of action insofar as asserted against each of them, as their submissions failed to eliminate all triable issues of fact as to whether the decedent's death frustrated the plaintiff's reasonable expectancy of future assistance or support by the decedent (*see Gonzalez v New York City Hous. Auth.*, 77 NY2d at 668; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *McKenna v Reale*, 137 AD3d at 1536; *Public Adm'r of Kings County v U.S. Fleet Leasing of N.Y.*, 159 AD2d at 331).

Accordingly, the Supreme Court should have denied the Transel defendants' motion and C & W's separate motion for summary judgment dismissing the second cause of action insofar as asserted against each of them, without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Austin, J.P., Cohen, Maltese and Duffy, JJ., concur.