■ JOSEPH J. McGUIRE et al., Respondents, v STATE OF NEW YORK et al., Appellants. (Claim No. 95827.) (Appeal No. 1.) [710 NYS2d 287] —Appeal unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988; *see also, Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566, 567; CPLR 5501 [a] [1]). (Appeal from Order of Court of Claims, Lane, J.—Summary Judgment.) Present—Green, J. P., Hayes, Kehoe and Lawton, JJ.

■ JOSEPH J. McGUIRE et al., Respondents, v STATE OF NEW YORK et al., Appellants. (Claim No. 95827.) (Appeal No. 2.) [710 NYS2d 291] —Judgment unanimously affirmed without costs. Memorandum: Claimants commenced this action to recover for injuries sustained by Joseph J. McGuire (claimant) in a fall from a scaffolding at a construction site owned by defendants. Defendants appeal from a judgment granting claimants' motion for partial summary judgment on liability under Labor Law § 240 (1) and denying defendants' cross motion for summary judgment dismissing that claim.

Supreme Court properly denied defendants' cross motion insofar as it was based on the recalcitrant worker defense. The affidavits submitted in support of the cross motion fail to es-

tablish the elements of that defense, i.e., a purposeful or deliberate refusal to heed a specific order to use a safety device that is immediately and visibly available to the worker or actually put in place (*see, Jastrzebski v North Shore School Dist.,* 223 AD2d 677, 679-680, *affd* 88 NY2d 946; *Balthazar v Full Circle Constr. Corp.,* 268 AD2d 96; *see generally, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 562-563; *Stolt v General Foods Corp.,* 81 NY2d 918, 920).

The court properly granted claimants' motion for partial summary judgment on liability under Labor Law § 240 (1) and properly denied defendants' cross motion insofar as it sought dismissal of that cause of action on the ground that the conduct of claimant was the sole proximate cause of his injuries. Claimants established the causal connection between the injuries and the statutory violations (*see, Felker v Corning Inc.,* 90 NY2d 219, 224-225; *Gordon v Eastern Ry. Supply, supra,* at 561-562; *Smith v Hooker Chem. & Plastics Corp.,* 70 NY2d 994, 996, *rearg denied* 71 NY2d 995), and defendants failed to raise a triable issue of fact on causation. There is no view of the evidence that could lead to the conclusion that defendants' statutory violations were not the cause of claimant's injuries (*see, Livecchi v Eastman Kodak Co.,* 258 AD2d 916; *Aman v Federal Express Corp.,* 247 AD2d 879, 880; *Kanney v Goodyear Tire & Rubber Co.,* 245 AD2d 1034, 1035). Moreover, defendants failed to sustain their initial burden, in support of their cross motion, of establishing that the conduct of claimant was the sole proximate cause of his injuries (*see, Lawrence v Forest City Ratner Cos.,* 268 AD2d 380; *Wasilewski v Museum of Modern Art,* 260 AD2d 271, 271-272; *Hodge v Crouse Hinds Div.,* 207 AD2d 1007). (Appeal from Judgment of Court of Claims, Lane, J.—Summary Judgment.) Present—Green, J. P., Hayes, Kehoe and Lawton, JJ.