MARY-BETH K. HUTHMACHER, Individually, as Administratrix of the Estate of MICHAEL D. HUTHMACHER, Deceased, and as Mother and Natural Guardian of CHRISTIAN M. HUTHMACHER and Another, Infants, et al., Respondents, v DUNLOP TIRE CORPORATION et al., Appellants. [726 NYS2d 888] —Order unanimously affirmed without costs. Memorandum: Plaintiffs commenced this action seeking damages after decedent was killed when he fell through an opening in an elevated metal floor where two pieces of the floor had just been removed. Supreme Court properly granted plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1). We reject defendants' contention that an issue of fact exists concerning the applicability of the recalcitrant worker defense. Defendants submitted no proof that decedent was furnished with a safety device that was "immediately and visibly available to [him] or actually put in place" (McGuire v State of New York [appeal No. 2], 273 AD2d 822, 823) and that decedent purposefully or deliberately refused "to heed a specific order to use [such] safety device" (McGuire v State of New York, supra, at 823; see, Salotti v Wellco, Inc., 273 AD2d 862). We reject defendants' further contentions that issues of fact exist whether the actions of decedent were the sole proximate cause of his accident (see, Adderly v ADF Constr. Corp., 273 AD2d 795; cf., Weininger v Hagedorn & Co., 91 NY2d 958, 960, rearg denied 92 NY2d 875) and whether a co-worker's actions were an intervening, superseding cause of the accident (see, Gordon v Eastern Ry. Supply, 82 NY2d 555, 562). (Appeal from Order of Supreme Court, Erie County, Fahey, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Burns, JJ.