■ MARY-BETH K. HUTHMACHER, as Administratrix of the Estate of MICHAEL D. HUTHMACHER, Deceased, et al., Respondents-Appellants, v DUNLOP TIRE CORPORATION et al., Appellants-Respondents. [765 NYS2d 111] —Appeal and cross appeal from a judgment of Supreme Court, Erie County (Fahey, J.), entered September 13, 2002, upon a jury verdict in favor of plaintiffs.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting the posttrial motion of defendants in part and, with respect to the personal injury cause of action, vacating the award of damages for conscious pain and suffering and for the derivative cause of action of plaintiff Mary-Beth K. Huthmacher, individually, and, with respect to the wrongful death cause of action, vacating the award of damages for that cause of action and as modified the judgment is affirmed without costs, and a new trial is granted on those elements of damages only in accordance with the following memorandum: Plaintiffs commenced this action seeking damages for the personal injuries and wrongful death of decedent, who died as a result of falling through an opening in an elevated metal floor. We previously affirmed an order granting partial summary judgment to plaintiffs on the issue of liability under Labor Law § 240 (1) (*Huthmacher v Dunlop Tire Corp.*, 284 AD2d 1014 [2001], *lv dismissed* 97 NY2d 677 [2001]). A trial was subsequently held on damages only, after which the jury awarded plaintiffs approximately $8.6 million on both causes of action. Supreme Court denied defendants' posttrial motion seeking a new trial on the issue of damages or a reduction of the jury's verdict, and judgment was thereafter entered for plaintiffs.

In light of all of the circumstances, including the fact that

decedent's Glasgow Coma Scale score rose to 7, which decedent's attending neurosurgeon described as "at the boundary between coma and non-coma," on only 10 days, we agree with defendants that the award of $1 million for decedent's conscious pain and suffering "deviates materially from what would be reasonable compensation" for the 69 days that decedent was hospitalized between the date of the accident and the date of death (see CPLR 5501 [c]; see generally Inya v Ide Hyundai, Inc., 209 AD2d 1015 [1994]). We further conclude that the award of $1 million to decedent's spouse on her derivative cause of action also "deviates materially from what would be reasonable compensation" for the 69 days of decedent's hospitalization (5501 [c]).

Although the court properly instructed the jury on damages for decedent's wrongful death in accordance with PJI3d 2:320 (2002), we further agree with defendants that there must be a new trial on damages for the wrongful death of decedent due to errors in the verdict sheet. The plaintiff in a wrongful death action is entitled to recover damages for only pecuniary loss, i.e., the economic value of the decedent to each distributee at the time decedent died. There are four elements of compensable loss encompassed by the general term "pecuniary loss": (1) decedent's loss of earnings; (2) loss of services each survivor may have received from decedent; (3) loss of parental guidance from decedent; and (4) the possibility of inheritance from decedent (see id.; see also EPTL 5-4.3). By comparison, with respect to the personal injury action, decedent's estate cannot recover damages for future loss of earnings or loss of services, but only for pain and suffering, expenses incurred, and loss of earnings up until the time of decedent's death (see Sand v Chapin, 238 AD2d 862, 863 [1997]; see also EPTL 11-3.3 [a]).

Here, question 1 of the verdict sheet erroneously allowed the jury to make an award to decedent's estate for loss of past earnings from the date of decedent's accident to the date of the verdict ($146,000) as well as for future loss of earnings ($2,160,000), with no allocation among the four survivors. Post-death loss of earnings should have been a component of the wrongful death award; thus, loss of earnings from the date of death to the date of the verdict should have been a component of question 2 of the verdict sheet, concerning pecuniary loss sustained by each of the four survivors up to the date of the verdict, and loss of future earnings should have been a component of question 3 of the verdict sheet, concerning future pecuniary loss sustained by each of the four survivors.

In response to questions 2 and 3 of the verdict sheet, the

jury awarded damages to each of the four survivors for "pecuniary loss to date" (totalling $284,000) and "future pecuniary loss" (totalling approximately $3.7 million). The jury allocated 37.7% of the total pecuniary loss to the date of the verdict to each of the minor children and 12.3% each to decedent's spouse and emancipated child. The percentages were 37.5% and 12.5%, respectively, for future pecuniary loss. By contrast, in calculating a structured judgment, plaintiffs' economist simply divided the future loss of earnings equally among the four survivors. We see no basis for adopting that approach, given the fact that the jury did not allocate equal shares for other components of the verdict. Nor do we see any other basis for allocating, ourselves, the loss of past and future earnings without impinging on the duties of the finder of fact (*see generally* EPTL 5-4.3 [a]).

Similarly, question 4 of the verdict sheet allowed the jury to make combined lump-sum awards to decedent's spouse and estate for loss of household services to date ($6,500) and future loss of household services ($141,000), but without allocation among the four survivors. Again, past and future loss of services should have been a component of pecuniary loss under questions 2 and 3 of the verdict sheet (*see* PJI3d 2:320 [2002]).

Because we cannot determine what the jury would have done if it had been presented with a verdict sheet that incorporated past and future loss of earnings and past and future loss of services into the award for pecuniary loss, nor can we determine how it might have allocated such an award among the four survivors, we grant a new trial on damages for pecuniary loss. On retrial, the verdict sheet must direct the jury to make a separate award for past and future loss of earnings, past and future loss of services, past and future loss of parental guidance, and loss of inheritance to each survivor to whom such an award is applicable. The sum of each past and future loss component for each survivor will constitute that survivor's pecuniary loss sustained by reason of decedent's death. In view of our determination, we do not consider the remaining contentions of the parties, including their respective challenges concerning the CPLR article 50-B hearing and the structured judgment.

We modify the judgment by granting defendants' posttrial motion in part and, with respect to the personal injury cause of action, vacating the award of damages for conscious pain and suffering and for the derivative cause of action of decedent's spouse and we grant a new trial on those elements of damages; we affirm that part of the judgment awarding stipulated dam-

ages for medical and funeral expenses. With respect to the wrongful death cause of action, we vacate the award of damages and grant a new trial on damages. Present—Green, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.