Mary-Beth K. Huthmacher, as Administratrix of the Estate of Michael D. Huthmacher, Deceased, Individually, and as Mother and Natural Guardian of C.M.H. and Another, Infants, et al., Plaintiffs, v Dunlop Tire Corporation et al., Defendants. Goodyear Dunlop Tires North America, Ltd., Third-Party Plaintiff-Respondent, v Nicholson & Hall Corporation, Third-Party Defendant-Respondent-Appellant. Allianz Underwriters Insurance Company, Intervenor-Appellant-Respondent. [815 NYS2d 385]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered April 15, 2004. The order, among other things, granted in part the motion of third-party defendant for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for the injuries sustained by Michael D. Huthmacher (decedent), as well as for his wrongful death, resulting from decedent's fall at a work site. This Court previously affirmed an order granting plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) (*Huthmacher v Dunlop Tire Corp.*, 284 AD2d 1014 [2001], *lv dismissed* 97 NY2d 677 [2001]). We thereafter modified the judgment entered following a trial on damages and granted a new trial on certain elements of damages (*Huthmacher v Dunlop Tire Corp.*, 309 AD2d 1175 [2003]). Following the issuance of our decision in that appeal, plaintiffs entered into a settlement in their action in the amount of $5 million.

Between the time of the second appeal before this Court and the settlement of plaintiffs' action, defendant Goodyear Dunlop Tires North America, Ltd. (Goodyear Dunlop), commenced a third-party action against Nicholson & Hall Corporation (Nicholson & Hall), decedent's employer, for contractual and common-law indemnification, alleging that the culpable conduct of Nicholson & Hall caused decedent's accident. As part of the work contract, Nicholson & Hall had agreed to hold harmless defendants Dunlop Tire Corporation and Goodyear Dunlop (collectively, Dunlop), the alleged owners of the work site, from certain liabilities and, in addition, had agreed to provide appropriate liability insurance coverage for Dunlop. Nicholson & Hall obtained primary insurance coverage from General Star Indemnity Company (General Star) and excess insurance coverage from Landmark Insurance Company (Landmark), and both policies named Dunlop as an additional insured. General Star contributed $1 million toward the settlement with plaintiffs, and Landmark provided the remaining $4 million. Nicholson & Hall thereafter moved for summary judgment dismissing the third-party complaint, contending that the relief sought violated the antisubrogation rule. Allianz Underwriters Insurance Company (Allianz), an excess insurance carrier insuring Dunlop, opposed the motion along with Goodyear Dunlop, having cross-

moved to intervene in the third-party action for that limited purpose.

Supreme Court properly concluded that the antisubrogation rule bars the third-party action inasmuch as Dunlop and Nicholson & Hall were insured for the same risk under the same policies (see *Hailey v New York State Elec. & Gas Corp.*, 214 AD2d 986, 987 [1995]; see also *Phoenix Ins. Co. v Stamell*, 21 AD3d 118, 121-122 [2005]; see generally *North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294-295 [1993]; *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 468 [1986]). We reject the contention of Allianz that the antisubrogation rule is inapplicable because the Landmark policy excludes coverage for claims made under the Workers' Compensation Law. Plaintiffs' Labor Law causes of action in the primary action against Dunlop did not arise under the Workers' Compensation Law. Moreover, any obligation that Nicholson & Hall has toward Dunlop arises out of its duty to indemnify Dunlop under contractual and common-law indemnification theories.

Finally, Nicholson & Hall contends that the court erred in granting Goodyear Dunlop leave, sua sponte, to serve an amended third-party complaint seeking the recovery of attorneys' fees and litigation-related expenses (see generally CPLR 3025 [b]). In view of the fact that the amended third-party complaint authorized by the court is not in the record before us, we are unable to determine the propriety of the court's exercise of discretion in that respect. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.