# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**656**
**CA 12-02134**
PRESENT: CENTRA, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

CHRISTOPHER A. MILCZARSKI, AS ADMINISTRATOR
OF THE ESTATE OF MARK A. MILCZARSKI, DECEASED,
PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

MICHAEL K. WALASZEK, K.W. AUTO & SALES INC.,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.
(APPEAL NO. 2.)

---

BURDEN, GULISANO & HICKEY, LLC, BUFFALO (DONNA L. BURDEN OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

---

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered November 15, 2012. The order granted the motion of defendants Michael K. Walaszek and K.W. Auto & Sales Inc., for leave to renew, and upon renewal, denied their motion for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting in part the motion of defendants Michael K. Walaszek and K.W. Auto & Sales Inc. for partial summary judgment and dismissing the complaint against those defendants insofar as it seeks damages for plaintiff's pecuniary loss beyond reimbursement of funeral expenses and for any pecuniary loss sustained by distributee Cynthia Craft and as modified the order is affirmed without costs.

Memorandum: In this wrongful death action, Michael K. Walaszek and K.W. Auto & Sales Inc. (defendants) appeal from an order that granted their motion for leave to renew their motion for partial summary judgment seeking, inter alia, dismissal of the complaint insofar as it sought damages for decedent's family members for the pecuniary loss of support, guidance and companionship of decedent, but that, upon renewal, adhered to its prior determination denying the motion. We reject defendants' contention that there are no issues of fact with respect to whether any of decedent's family members suffered pecuniary damages. Damages in a wrongful death action are limited to "fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought" (EPTL 5-4.3 [a]). "Pecuniary loss" is defined as "the economic value of the decedent to each distributee at the time decedent died" (*Huthmacher v Dunlop Tire Corp.*, 309 AD2d 1175, 1176),

and includes loss of income and financial support, loss of household services, loss of parental guidance, as well as funeral expenses and medical expenses incidental to death (*see Gonzalez v New York City Hous. Auth.*, 77 NY2d 663, 667-669; *DeLong v County of Erie*, 60 NY2d 296, 306-308).  Generally, because it is difficult to provide direct evidence of wrongful death damages, the calculation of pecuniary loss "is a matter resting squarely within the province of the jury" (*Parilis v Feinstein*, 49 NY2d 984, 985; *see Altmajer v Morley*, 274 AD2d 364, 365).  On this record, we conclude that there are issues of fact with respect to whether plaintiff, as decedent's brother, suffered pecuniary loss in the form of funeral expenses and whether decedent's brother Matthew suffered pecuniary loss given the evidence of their longstanding close and interdependent relationship.  We agree with defendants, however, that they are entitled to summary judgment dismissing the complaint insofar as it seeks damages for plaintiff's pecuniary loss beyond reimbursement for funeral expenses and for any pecuniary loss sustained by decedent's sister, Cynthia Craft.  We therefore modify the order accordingly.

Entered:  July 19, 2013                    Frances E. Cafarell
                                           Clerk of the Court