# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

502

CA 16-01846

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

BRUCE T. CHILLIS, AS ADMINISTRATOR OF THE
ESTATE OF DONNIE M. HOLLAND, DECEASED,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                                   MEMORANDUM AND ORDER

DOUGLAS A. BRUNDIN, JR., CRNA, DOUGLAS R.
SILLART, M.D., MAPLE-GATE ANESTHESIOLOGISTS, P.C.,
AND BRIAN E. MCGRATH, M.D.,
DEFENDANTS-APPELLANTS-RESPONDENTS.

---

CONNORS LLP, BUFFALO (JOHN T. LOSS OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS DOUGLAS A. BRUNDIN, JR., CRNA,
DOUGLAS R. SILLART, M.D., AND MAPLE-GATE ANESTHESIOLOGISTS, P.C.

FELDMAN KIEFFER, LLP, BUFFALO (JAMES E. EAGAN OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT BRIAN E. MCGRATH, M.D.

MARSH ZILLER LLP, BUFFALO (LINDA J. MARSH OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeals and cross appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered September 28, 2016. The order denied the respective motions of defendants for summary judgment dismissing the complaint against them and the cross motion of plaintiff for partial summary judgment on liability.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendant Brian E. McGrath, M.D. and dismissing the complaint against him, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice and wrongful death action seeking damages arising from the death of his brother (decedent), a 29-year-old man who died during surgery performed by defendants to remove a mass from his buttocks.

Defendant Brian E. McGrath, M.D. (McGrath), who was decedent's orthopedic surgeon, contends that Supreme Court erred in denying his motion for summary judgment dismissing the complaint against him. We agree, and we therefore modify the order accordingly. "[O]n a motion for summary judgment, a defendant in a medical malpractice action bears the initial burden of establishing either that there was no

deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause the [patient's] injuries" (*Bagley v Rochester Gen. Hosp.*, 124 AD3d 1272, 1273). McGrath met his burden by submitting a detailed affirmation establishing that his care and treatment of decedent in recommending and performing surgery was consistent with the accepted standard of care (*see Macaluso v Pilcher*, 145 AD3d 1559, 1560; *O'Shea v Buffalo Med. Group, P.C.*, 64 AD3d 1140, 1140-1141, *appeal dismissed* 13 NY3d 834). The burden then shifted to plaintiff to raise an issue of fact by submitting a physician's affidavit establishing both a departure from the accepted standard of care and proximate cause (*see Bagley*, 124 AD3d at 1273). Plaintiff failed to meet that burden inasmuch as he submitted the affirmation of an anesthesiologist who failed to establish how he was familiar with the accepted standard of care for an orthopedic surgeon. Although a medical expert need not be a specialist in a field to offer an opinion concerning the accepted standards of care in that field, a physician offering an opinion outside his or her particular field must lay a foundation to support the reliability of that opinion (*see Shectman v Wilson*, 68 AD3d 848, 849-850; *see also Diel v Bryan*, 71 AD3d 1439, 1440). We thus reject plaintiff's contention on his cross appeal that the court erred in denying that part of his cross motion for partial summary judgment on liability against McGrath.

We further conclude that the court properly denied the motion of the remaining defendants, who were decedent's anesthesia providers, for summary judgment dismissing the complaint against them. Those defendants met their initial burden inasmuch as they established a lack of causation by submitting the certified report of an expert pathologist, who opined that decedent died of a brain condition unrelated to the surgery (*see generally Manswell v Montefiore Med. Ctr.*, 144 AD3d 564, 565), thus shifting the burden of proof to plaintiff. In opposition, plaintiff's expert anesthesiologist opined that the remaining defendants deviated from the accepted standard of care and that their deviation proximately caused decedent's death. Plaintiff's expert stated that decedent sustained a "massive intraoperative hemorrhage" and died of extreme blood loss on the operating room table and, according to the relevant medical records, decedent's "blood pressure was unmeasurable as early as 11:40 [a.m.]" and "no transfusion was begun until almost an hour later."

The remaining defendants contend that plaintiff's expert failed to establish that he was qualified to rebut the opinion of their expert pathologist as to the cause of death (*see generally Shectman*, 68 AD3d at 849-850). It is well established, however, that " 'there may be more than one proximate cause of an injury' " (*Mazella v Beals*, 27 NY3d 694, 706), and we conclude that, under the circumstances of this case, plaintiff's expert laid a proper foundation for his opinion that blood loss was a proximate cause of decedent's death. Thus, plaintiff raised an issue of fact and the court properly denied the remaining defendants' motion on that ground. We likewise conclude that the court properly denied that part of plaintiff's cross motion for partial summary judgment on liability against those defendants (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Contrary to the further contention of the remaining defendants, they failed to meet their burden of establishing as a matter of law that plaintiff sustained no damages and thus failed to establish their entitlement to summary judgment dismissing the complaint against them on that ground as well (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).  In a wrongful death action, damages are limited to "fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought" (EPTL 5-4.3 [a]).  "Pecuniary loss" refers to "the economic value of the decedent to each distributee at the time decedent died" (*Huthmacher v Dunlop Tire Corp.*, 309 AD2d 1175, 1176; *see Milczarski v Walaszek*, 108 AD3d 1190, 1190), including "loss of income and financial support, loss of household services, loss of parental guidance, as well as funeral expenses and medical expenses incidental to death" (*Milczarski*, 108 AD3d at 1190).  In the limited excerpts of plaintiff's deposition testimony that were submitted in support of the motion, plaintiff testified that it was difficult to estimate how much of decedent's funeral expenses were paid by plaintiff, and that decedent provided plaintiff with money during decedent's lifetime.

Entered:  May 5, 2017                        Frances E. Cafarell
                                             Clerk of the Court