Walker v Caruana (2019 NY Slip Op 06908)





Walker v Caruana


2019 NY Slip Op 06908


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


809 CA 18-01632

[*1]RETA WALKER, INDIVIDUALLY, AND AS ADMINISTRATRIX OF THE ESTATE OF TRENT WALKER, DECEASED, PLAINTIFF-APPELLANT,
v
JOSEPH A. CARUANA, M.D., ET AL., DEFENDANTS, AND CATHOLIC HEALTH SYSTEM, DOING BUSINESS AS SISTERS HOSPITAL OF BUFFALO, DEFENDANT-RESPONDENT. 






PAUL WILLIAM BELTZ, P.C., BUFFALO (ANNE B. RIMMLER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BARGNESI BRITT PLLC, BUFFALO (JASON T. BRITT OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered December 7, 2017. The order, insofar as appealed from, granted the motion of defendant Catholic Health System, doing business as Sisters Hospital of Buffalo, for summary judgment and dismissed the second amended complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this medical malpractice action, plaintiff appeals from an order that, inter alia, granted the motion of defendant Catholic Health System, doing business as Sisters Hospital of Buffalo (Sisters), for summary judgment dismissing the second amended complaint against it. We affirm.
Contrary to plaintiff's contention, Sisters met its initial burden on the motion by submitting the affirmation of its expert physician, who addressed each of the specific factual allegations of negligence raised in the second amended complaint and bill of particulars (see Isensee v Upstate Orthopedics, LLP, 174 AD3d 1520, 1521 [4th Dept 2019]). Plaintiff's challenge to the qualifications of Sisters' expert is unpreserved inasmuch as she failed to object to the alleged deficiency before Supreme Court, and she may not raise that issue for the first time on appeal (see generally White v Bajwa, 161 AD3d 1513, 1516 [4th Dept 2018]; Matter of McKeown [Image Collision, Ltd.], 94 AD3d 1445, 1447 [4th Dept 2012]; Kibler v Gillard Constr., Inc., 53 AD3d 1040, 1042 [4th Dept 2008]). Inasmuch as Sisters met its initial burden, the burden shifted to plaintiff to raise a triable issue of fact in opposition (see Groff v Kaleida Health, 161 AD3d 1518, 1520 [4th Dept 2018]; Chillis v Brundin, 150 AD3d 1649, 1650 [4th Dept 2017]).
We conclude that plaintiff's expert failed to refute the conclusions of Sisters' expert with respect to plaintiff's claims. Rather, plaintiff's opposition contained new theories of liability that were not included in the second amended complaint or bill of particulars and thus could not be used to defeat Sisters' motion (see DeMartino v Kronhaus, 158 AD3d 1286, 1287 [4th Dept 2018]; see also Iodice v Giordano, 170 AD3d 971, 972 [2d Dept 2019]; Stewart v Dunkleman, 128 AD3d 1338, 1341 [4th Dept 2015], lv denied 26 NY3d 902 [2015]). Therefore, plaintiff failed to raise a triable issue of fact, and the court properly granted Sisters' motion (see Chillis, 150 AD3d at 1651).
In light of our determination, plaintiff's remaining contentions are academic.
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court